■ SEVERINO FUSCO, Appellant, v NEW YORK PROPERTY UNDERWRITERS ASSOCIATES, Respondent.—In an action to recover damages for breach of an insurance contract, plaintiff appeals from (1) an order of the Supreme Court, Richmond County, dated July 6, 1978, which granted the defendant's motion for summary judgment and dismissed the complaint, (2) a judgment of the same court, dated July 18, 1978, entered thereon, and (3) so much of a further order of the same court dated, September 28, 1978, as, upon granting plaintiff's motion to reargue, adhered to its original determination. Appeal from order dated July 6, 1978 dismissed (see *Matter of Aho*, 39 NY2d 241, 248). Appeal from judgment dismissed as academic. It was superseded by the order dated September 28, 1978, made upon reargument. Order dated September 28, 1978 affirmed insofar as appealed from. Defendant is awarded one bill of $50 costs and disbursements. In our opinion

Special Term properly held that this action could not be maintained because the plaintiff did not seek review by the Superintendent of Insurance of the defendant's decision to terminate the policy of insurance. The defendant is an association created solely by statute (see Insurance Law, § 652). It was designed to provide fire insurance on premises which otherwise would be uninsurable. The statute provides that "any person insured pursuant to this article * * * may appeal to the superintendent within thirty days after any ruling, action or decision by * * * the association, with respect to those items the plan of operation defines as appealable matters" (Insurance Law, § 655). Apparently, no dispute exists that the plan of operation provides that the issue involved herein is appealable to the superintendent. Nor is it a matter of dispute that plaintiff took no appeal to the superintendent with respect to the defendant's action of terminating the policy. Under these circumstances, Special Term's decision was correct. It seems clear that the Legislature established the defendant to fill the void created by the refusal of insurance carriers to insure properties having a high risk of loss. Consequently, it was entirely competent and appropriate for the Legislature to give primary jurisdiction over disputes which might arise within the operation of such a legislatively established entity to an administrative agency having peculiar ability and experience in the field. When the Legislature provides for such primary jurisdiction, the courts will not act in the absence of the taking of an appeal to the agency. The doctrine of primary jurisdiction is concerned with promoting proper relationships between the courts and administrative agencies (see *United States v Western Pacific R. R. Co.,* 352 US 59, 63). In such instances, the judiciary has a limited function of review only after the agency has made a determination, on the theory that such legal issues should be relegated to those agencies which are better equipped than courts by reason of their specialized knowledge and experience (see *Far East Conference v United States,* 342 US 570, 574-575; *Hewitt-Robins, Inc. v Freight-Ways,* 371 US 84). This doctrine is recognized in New York (see *Young Men's Christian Assn. v Rochester Pure Waters Dist.,* 37 NY2d 371, 375). In view of the foregoing, we need not pursue any of the other questions raised by the plaintiff. Hopkins, J. P., Damiani, Rabin and Cohalan, JJ., concur.