OPINION OF THE COURT
Julius Vinik, J.
In this action to recover for a loss on a fire insurance policy, defendant moves pursuant to CPLR 3212 for summary judgment dismissing the complaint alleging that plaintiff’s failure to appeal defendant’s appeals board committee determination to the Superintendent of Insurance pursuant to section 655 of the Insurance Law, bars the action.
The court gleans the following facts from the papers submitted:
On January 18, 1977, defendant received plaintiff’s application for fire insurance coverage on premises 460 Washington Avenue, Brooklyn, New York, together with a deposit premium of $750. On about February 8, 1977 (21 days after the application was received) a fire substantially damaged a portion of the premises. On February 18, 1977, 10 days after the fire, and 30 days after the application was received, defendant by letter returned the deposit premium and informed plaintiff that coverage is declined because the building was vacant and unoccupied at the time of the application. The letter further informed plaintiff that it had 15 days to appeal to defendant’s appeals committee. *607 Plaintiff appealed. By notice dated March 11, 1977, the appeals committee sustained the original declination. No notice or warning of plaintiff’s right to further appeal to the Superintendent of Insurance was given to the plaintiff. On June 9,1977 plaintiff commenced this action by service of the summons and complaint and on or about July 18, 1977 defendant interposed eight separate affirmative defenses together with a partial defense. None of these defenses alleged plaintiff’s failure to exhaust all administrative remedies.
Now, for the first time, defendant moves for dismissal on the ground that section 655 of the Insurance Law and the defendant’s plan of operation mandate a further appeal to the Superintendent of Insurance before an action at law may be commenced.
Section 655 of the Insurance Law provides in part as follows: “1. Any applicant * * * may appeal to the superintendent within [30] days after any ruling, action or decision by or on behalf of the association, with respect to those items the plan of operation defines as appealable matters.”
The plan of operation provides in part as follows:
“Section XII
“1. Application for Insurance
“(1) New Business
“(a) If the application is for insurance to cover a risk not presently insured through the Association, it must be accompanied by a deposit premium * * * the insurance applied for will become binding at noon standard time on any date requested or 17 days after receipt of the application and deposit premium by the Association, whichever is the later date.
“(b) Upon payment of 50% of the estimated premium the Association shall bind any risk eligible under (a) above effective at noon standard time on the day following receipt of the application” (Emphasis supplied.)
“Section XVI — Appeals
“Except as provided in Section XIV any applicant * * * may appeal to an Appeals Committee of the Association within 15 days after any final ruling, action or decision of *608 the Association. The Association shall act upon the appeal promptly and a copy of the decision of the Appeals Committee will be sent to the Superintendent of Insurance: Any decision of the Appeals Committee may be further appealed to the Superintendent within 30 days. Orders of the Superintendent shall be subject to judicial review as provided in Section thirty-four of the Insurance Law.”
“Section XVII — Declination; cancellation; non-renewals
“1. The Association will decline to provide coverage on properties which, following inspection, are determined to be uninsurable by the Association. Such declination shall be in writing and shall include a statement of the conditions which make the property uninsurable and the measures, if any, which, if taken, would make the property insurable. Such statement shall also inform the applicant of his right to appeal such a determination of the Association and shall advise him of the means whereby such an appeal may be initiated.” (Emphasis supplied.)
Defendant’s sole ground for dismissal, as stated in its affirmation in support of the motion and its memorandum of law, is failure of plaintiff to exhaust administrative remedies and it cites as its authority the cases of Fusco v New York Prop. Underwriters Assoc. (70 AD2d 895), and P.F.C. Realty Corp. v Crociata (Supreme Ct, Kings County, Aug. 9, 1982, index No. 24166/82, Vaccaro, J.), for the proposition that failure to appeal to the agency or to the Superintendent of Insurance pursuant to section 655 of the Insurance Law and the plan of operation bars any action at law.
Defendant’s reliance on those cases is misplaced. In both of those cases policies of insurance were issued and subsequently canceled by defendant. The fire losses occurred after cancellation. When defendant refused payment, a law action was instituted without plaintiff’s first appealing the cancellation administratively. Plaintiffs in those actions claimed a wrongful cancellation by the defendant. The Appellate Division in Fusco (supra) and Justice Vaccaro in P.F.C. Realty (citing Fusco v New York Prop. Underwriters Assoc., supra) held that.since cancellation was an administrative issue, section 655 of the Insurance Law and *609 defendant’s plan of operation apply, so that failure to appeal the administrative decision (exhaust administrative remedies) bars the action.
Here, plaintiff in his complaint seeks recovery under a binder or policy which he contends was actually in effect at the time of the loss; that it gave immediate notice of the loss and damage in writing; and that defendant refused payment. Defendant, in its answer, first specifically denies the existence of coverage at the time of loss and additionally asserts the following eight affirmative defenses: (1) building was vacant and unoccupied for 90 days prior to the application, (2) no proper notice of claim, (3) arson by the plaintiff or its agents, (4) fraudulent conspiracy to defraud, (5) concealment and misrepresentation of actual cash value, (6) exaggeration and overstatement of the claim, (7) building was vacant and unoccupied for 60 days prior to the loss, (8) increased hazard by failure to maintain or protect, and a further partial defense of limited liability.
The critical issue to be resolved in this case, unlike Fusco (supra) and P.F.C. Realty (supra), is not an administrative question. In Fusco and P.F.C. Realty no coverage was in effect at the time of loss and the question there was whether the administrative cancellation prior to the loss was proper. That issue was properly subject to administrative review. Here the issue is whether coverage was actually in effect at the time of loss pursuant to the rules of the plan of operation (§ XII, subd 1, par [1], cl [a] or [b] cited supra). This is properly a question of law and fact and constitutes one of the triable issues herein not originally subject to administrative review.
On the date following receipt of the application or after 17 days, pursuant to section XII of the plan of operation, plaintiff is no longer an applicant but an insured under a binder or a policy. Defendant’s withholding of the policy does not effect plaintiff’s status as an insured and defendant’s sole remedy is cancellation of coverage pursuant to subdivision 2 of section XVII of the plan of operation which provides in part: “Except in the case of non-payment of premium, fraud, material misrepresentation, a condition which would have been grounds for non-acceptance of the *610 property had such condition been known to the Association at the time of acceptance * * * the Association shall not cancel” (emphasis supplied).
Any cancellation pursuant to subdivision 2 of section XVII would be prospective only. It would not apply to a loss incurred prior to cancellation. This is not to say that defendant may not have legal grounds for defending an action at law based upon “a condition which would have been grounds for non-acceptance of the property had such condition been known * * * at the time of acceptance”. It is to say that such defense is not an administrative decision subject to administrative review, but a defense to be pleaded in an action at law.
It is clear that once coverage is provided by defendant, either by binder or policy, it cannot retrospectively decline such coverage, especially after a loss, and then claim that the assured is relegated to administrative appeal before he can pursue a legal remedy. If such were the case, then defendant could relegate any claimant or insured to administrative, time-consuming procedure, by mere notice of declination of original coverage alleging either fraud or unoccupancy in the inception. It is apparent that such is not the law.
For these reasons alone, the motion is in all respects denied.
Additionally, a serious question is presented whether “failure to exhaust administrative remedies” is an affirmative defense to be pleaded in the answer or to be asserted in a motion to dismiss prior to answer; and whether failure to assert such defense constitutes a waiver. Defendant analogizes section 655 of the Insurance Law with section 50-e of the General Municipal Law. However, it has been held by the Court of Appeals that failure by a municipality to assert the defense of the limitation period pursuant to section 50-e of the General Municipal Law or move to amend its answer to include same constitutes a waiver of such defense. (Reilley v City of New York, 298 NY 710.) It can be argued that failure to exhaust administrative remedies is an affirmative defense and not a condition precedent to an action at law and that failure to assert same constitutes a waiver. Here, defendant failed specifically to assert *611 such defense in its answer which, if properly alleged, would have alerted plaintiff, six years ago, to take some remedial action.
Also, defendants’ failure to inform plaintiff in its appeals committee notice of affirmance of the further right to appeal to the Superintendent of Insurance may itself by a violation of section XVII of its rules of the plan of operation and may constitute waiver of any further appeal procedure.
The motion is in all respects denied.