■ SKYLAB REALTY CORP., Respondent, v NEW YORK PROPERTY INSURANCE UNDERWRITING ASSOCIATION, Appellant, et al., Defendant. — In an action, *inter alia,* to recover damages for breach of an agreement to obtain fire insurance, defendant New York Property Insurance Underwriting Association appeals from an order of the Supreme Court, Kings County (Bellard, J.), dated July 7, 1982, which denied its motion for summary judgment dismissing the complaint as to it. Order reversed, on the law, with costs, motion granted, and complaint dismissed as to defendant New York Property Insurance Underwriting Association. Plaintiff, through defendant Cioffi, its insurance broker, made application to appellant New York Property Insurance Underwriting Association on April 3, 1980 for fire insurance coverage on premises it had purchased on February 6, 1980. Appellant sent a notice of nonacceptance to Cioffi on April 11, 1980, indicating that the premises were not eligible for placement under the criteria set forth in its plan of operation because of a "failure within a reasonable time to correct conditions dangerous to life, health or safety" and a "failure to supervise [the] building in accordance with applicable law" and, in addition, because of tax arrears on the property. Under appellant's plan of operation, and by statute, an administrative appeal could have been taken to its Appeals Committee and to the Superintendent of Insurance (Insurance Law, § 655). This path was not pursued. Instead, after fire damaged the property on May 24, 1980, plaintiff commenced this action. Special Term denied appellant's motion for summary judgment. Noting that a reason for denial of coverage was tax arrears and that appellant had been advised that there were no arrears, it found questions of both law and fact with respect to the "possibility of mistake in the reason given for denial of coverage". No mention was made by Special Term of the two alternative grounds for nonacceptance. The failure to pursue an administrative appeal bars plaintiff from maintaining this action against appellant. As we observed in *Fusco v New York Prop. Underwriters Assoc.* (70 AD2d 895, 896, mot for lv to app den 48 NY2d 603, mot for rearg den 48 NY2d 882), appellant is an association created by statute (see Insurance Law, § 652) "to fill the void created by the refusal of insurance carriers to insure properties having a high risk of loss" and that "it was entirely competent and appropriate for the Legislature to give primary jurisdiction over disputes which might arise within the operation of such a legislatively established entity to an administrative agency having peculiar ability and experience in the field. When the Legislature provides for such primary jurisdiction, the courts will not act in the absence of the taking of an appeal to the agency". Plaintiff has tendered no acceptable excuse for its failure to pursue an administrative appeal. Plaintiff's other arguments are either without merit or not properly before this court as they were not raised before Special Term (*Slater v Gallman* 38 NY2d 1, 4; *Moses v Woodbury,* 54 AD2d 961). In any event, we would note the application form cannot be construed to be a binder. It clearly states, in bold type, "[t]his application is not a binder of insurance" and "[t]he premium accepted with this application is for deposit purposes only". Moreover, the deposit was returned on April 24, 1980, prior to the fire. Titone, J. P., Mangano, Gibbons and Weinstein, JJ., concur.