■ GARY P. LAWRENCE, Respondent, v H. G. ELLIS AGENCY, INC., Respondent, and NEW YORK AUTOMOBILE INSUR-

ANCE PLAN, Appellant.—Order and judgment unanimously reversed on the law without costs and complaint dismissed. Memorandum: Plaintiff applied for insurance under the assigned risk plan. He brought this action against the insurance agent, H. G. Ellis Agency, Inc. (Ellis), and the New York Automobile Insurance Plan (the Plan) to recover for collision damage to his car after physical damage coverage had been suspended for plaintiff's failure to have his vehicle photographically inspected (see, Insurance Law § 3411 [d], [f]; 11 NYCRR part 67). Plaintiff's proof at a nonjury trial established that Ellis failed to inform plaintiff that he was required to have his vehicle inspected within five days of coverage or coverage would be suspended. The court found that Ellis breached its duty to plaintiff, that Ellis was the Plan's agent, that the Plan thus was liable to plaintiff, but that, as between the two defendants, the Plan was primarily responsible to reimburse plaintiff. That was error.

We discern no basis for imposing liability on the Plan. The complaint seeks damages for breach of contract, i.e., to recover on the policy for nonpayment of plaintiff's collision claim. Paragraph 3 of the complaint specifically alleges that the Plan is "authorized to issue insurance policies" and the remainder of the complaint implies that the Plan issued the policy obtained by plaintiff. In its answer, the Plan denied those allegations. Contrary to plaintiff's allegations, it appears that the Plan is created by statute as a mechanism for assigning otherwise uninsurable applicants to various insurers which, as a condition of doing business in New York, must participate in the assigned risk pool (see, Insurance Law §§ 5301-5304). A reading of the applicable statutes and regulations compels the conclusion that the Plan is not an insurer and cannot issue policies of insurance. Since the Plan did not issue plaintiff's policy, it cannot be liable on the policy. Therefore, plaintiff's complaint seeking to impose liability on the Plan on that theory must be dismissed. (Appeal from order and judgment of Supreme Court, Oneida County, Tenney, J.—automobile insurance.) Present—Dillon, P. J., Callahan, Denman, Balio and Lawton, JJ.