◼ NANCY INGBER et al., Appellants, v NEW HAMPSHIRE INSURANCE COMPANY, Respondent, and JOSEPH ALFASSA, Appellant. [603 NYS2d 547] —In an action for a judgment declaring that a certain automobile insurance policy issued by New Hampshire Insurance Company to the plaintiffs was in full force and effect on the date of the subject automobile accident, the plaintiffs and the defendant Joseph Alfassa separately appeal from an order of the Supreme Court, Nassau County

(Brucia, J.), dated May 13, 1991, which granted the motion of New Hampshire Insurance Company to dismiss the complaint insofar as it is asserted against it.

Ordered that the order is affirmed, with one bill of costs payable by the appellants appearing separately and filing separate briefs.

In December 1989 the plaintiffs, through their insurance broker, Joseph Alfassa, procured an "assigned risk" automobile insurance policy issued by the defendant New Hampshire Insurance Company (hereinafter NHIC) pursuant to Insurance Law § 5301 *et seq.* After NHIC canceled the policy, the plaintiffs appealed to the Governing Committee of the New York Automobile Insurance Plan, administrator of this State's assigned risk plan. By decision dated August 2, 1990, the Governing Committee rejected the plaintiffs' appeal. Under the New York Automobile Insurance Plan, an administrative appeal could have been taken to the New York Superintendent of Insurance *(see,* Insurance Law § 5304). However, the plaintiffs failed to pursue this procedural course. Instead, they commenced the instant action which, in effect, seeks the same relief sought in their initial appeal to the Governing Committee. We hold that the failure to pursue an administrative appeal bars the plaintiffs from maintaining this action against NHIC.

The Legislature established the New York Automobile Insurance Plan "as a mechanism for assigning otherwise uninsurable applicants to various insurers which, as a condition of doing business in New York, must participate in the assigned risk pool" *(Lawrence v Ellis Agency,* 144 AD2d 1018, 1019). As we have noted in the past, " 'it was entirely competent and appropriate for the Legislature to give primary jurisdiction over disputes which might arise within the operation of such a legislatively established entity to an administrative agency having peculiar ability and experience in the field' " *(Skylab Realty Corp. v New York Prop. Ins. Underwriting Assn.,* 96 AD2d 939). When the Legislature provides for such primary jurisdiction, the judiciary will not act, where there has been no administrative appeal to the agency *(see, Fusco v New York Prop. Underwriters Assocs.,* 70 AD2d 895, 896). We reaffirm the principle that in such instances, the judiciary's review function arises only after the agency has made a determination, because the legal issues should be relegated to those agencies, such as the New York State Department of Insurance, which are better equipped than the courts to decide

them by virtue of their specialized knowledge and experience *(see, Fusco v New York Prop. Underwriters Assocs., supra).* In view of the foregoing, we need not reach any of the issues raised by the parties. Rosenblatt, J. P., Ritter, Copertino and Pizzuto, JJ., concur.