OPINION OF THE COURT
Edward H. Lehner, J.
*792 In this action plaintiff is seeking to recover assessments of $370,654.43 from defendant American Transit Insurance Company (American). The central issue raised by this motion by American to dismiss is whether the court should remand to the Superintendent of Insurance (the Superintendent) the issue posed herein as to whether American should be responsible for assessments when the Superintendent, as supervisor of its liquidation proceeding, had ordered the termination of the assignment of “assigned risk” insureds to it.
Plaintiff, the New York Automobile Insurance Plan (the Plan), was created pursuant to article 53 of the Insurance Law by insurance companies who write automobile insurance in New York State. The purpose of the Plan is to provide insurance to motorists who are unable to procure coverage through the voluntary market (see, in general, Matter of Bowley Assocs. v State of N. Y. Ins. Dept., 98 AD2d 521, 522 [1st Dept 1984], affd 63 NY2d 982 [1984]).
American participated in the Plan until late 1991 when the Superintendent commenced liquidation proceedings against it and directed the Plan to cease forwarding assignments to American until resolution of the liquidation. The liquidation was resolved as of August 1996. Even though American received no assignments during the liquidation period, it was billed for assessments for the administrative costs of the Plan.
The Plan commenced this action in March 1997. Subsequently, American requested a review of the assessments for which it had been billed by the Governing Committee of the Plan. On April 15, 1997 plaintiff was advised that the Governing Committee had determined that no right of appeal existed under its rules on “the issue of the liability of an insurer for assessments or the amount of such assessments”, and accordingly dismissed the appeal. The Plan’s administrative manager advised plaintiff that an insurer “aggrieved by a determination of the Governing Committee may appeal to the State of New York Insurance Department” in accordance with section 19 of the rules of the Plan. American promptly appealed to the Superintendent. By decision dated June 16, 1997 the Superintendent determined that while the Plan “makes no specific provision for jurisdiction to hear an administrative appeal from the actions of [the Plan] to continue assessments * * * such an appeal should be heard under appropriate circumstances. However, under the circumstances that obtain with regard to this dispute, it would not serve any purpose to remand this matter to the Plan”. The Superintendent further stated that *793 the arguments as to why the subject assessments should not have been made “are best addressed to the Courts, where an action is already pending, or, if there is no action, directly to this Department”. He then concluded that the “commencement of litigation by [the Plan] could be viewed to have divested the Department of jurisdiction over this matter”, but stated that if the court were to remand the matter, he would rule on the merits of the dispute.
Section 19 of the rules of the Plan provides in part: “Any insurer aggrieved by the operations of the Plan may request the Committee to review the matter and render a determination thereon. If any insurer, applicant or insured is aggrieved by any determination of the Committee, he may appeal to the Superintendent of Insurance.”
With respect to appeals from decisions of the Plan, Insurance Law § 5304 (a) states: “Any applicant for insurance through a plan governed by this article, any person insured under such plan and any insurer affected may appeal to the superintendent from any ruling or decision of the manager or committee.”
In opposition to defendant’s motion, plaintiff asserts that the right of an insurer to appeal under the above-quoted section 19 to the Governing Committee is limited to situations where “it is aggrieved by an assignment of a particular risk or by a decision of Plan management that an insurer provide particular coverage or must accept a particular risk” (plaintiff’s mem of law, at 4), and thus no appeal was viable on the issue in controversy.
In a case involving an association created by the Legislature “to fill the void created by the refusal of insurance carriers to insure properties having a high risk of loss”, the Court in Fusco v New York Prop. Underwriters Assocs. (70 AD2d 895, 896 [2d Dept 1979]) wrote: “Consequently, it was entirely competent and appropriate for the Legislature to give primary jurisdiction over disputes which might arise within the operation of such a legislatively established entity to an administrative agency having peculiar ability and experience in the field. When the Legislature provides for such primary jurisdiction, the courts will not act in the absence of the taking of an appeal to the agency.” (See also, Skylab Realty Corp. v New York Prop. Ins. Underwriting Assn., 96 AD2d 939 [2d Dept 1983]; Ingber v New Hampshire Ins. Co., 198 AD2d 266, 267-268 [2d Dept 1993] [“legal issues should be relegated to those agencies, such as the New York State Department of Insurance, which are *794 better equipped than the courts to decide them by virtue of their specialized knowledge and experience”].)
The Supreme Court discussed the concept of primary jurisdiction in United States v Western Pac. R. R. Co. (352 US 59, 63-64 [1956]), where it stated:
“The doctrine of primary jurisdiction, like the rule requiring exhaustion of administrative remedies, is concerned with promoting proper relationships between the courts and administrative agencies charged with particular regulatory duties. ‘Exhaustion’ applies where a claim is cognizable in the first instance by an administrative agency alone; judicial interference is withheld until the administrative process has run its course. ‘Primary jurisdiction,’ on the other hand, applies where a claim is originally cognizable in the courts, and comes into play whenever enforcement of the claim requires the resolution of issues which, under a regulatory scheme, have been placed within the special competence of an administrative body; in such a case the judicial process is suspended pending referral of such issues to the administrative body for its views * * *
“No fixed formula exists for applying the doctrine of primary jurisdiction. In every case the question is whether the reasons for the existence of the doctrine are present and whether the purposes it serves will be aided by its application in the particular litigation.”
In National Communications Assn, v American Tel. & Tel. Co. (46 F3d 220 [1995]), the Second Circuit approved the following four factors as the “focus of the analysis” (at 223) in determining whether an agency has primary jurisdiction:
“(1) whether the question at issue is within the conventional experience of judges or whether it involves technical or policy considerations within the agency’s particular field of expertise;
“(2) whether the question at issue is particularly within the agency’s discretion;
“(3) whether there exists a substantial danger of inconsistent rulings; and
“(4) whether a prior application to the agency has been made.” (Supra, at 222; see also, MCI Telecommunications Corp. v Mezzalingua Assocs., 921 F Supp 936 [ND NY 1996].)
Here the Superintendent, as liquidator, ordered that no assigned risks be sent to American during the course of the liquidation proceedings. The Superintendent was silent on the issue of assessments against American. The unique expertise *795 and judgment of the Department of Insurance warrants that it be the body to examine whether, as a matter of public policy, there should be assessments when there are no assignments. The reading that the plaintiff would give section 5304 of the Insurance Law to preclude review by the Superintendent of an insurer’s objection is simply too limited. The notion that this matter is only a question of law fails to recognize that the matter is a classic illustration of a policy determination within the unique expertise of the Superintendent. His department is in a position to establish uniform standards regarding assigned risks and assessments as benefits and burdens to an insurer in liquidation, and to fulfill its role as the supervisor of the auto insurance assigned risk plan.
In conclusion, since the balance of the factors dictates that the primary jurisdiction for the resolution of the issue in dispute be with the Superintendent, the court grants the motion of the defendant to dismiss the action, without prejudice, and remands the matter to the Superintendent for a determination of the issue raised herein.