■ Coling Ambulette Service Inc., Respondent, v Empire Insurance Company, Appellant. [693 NYS2d 108] —Order, Supreme Court, New York County (Harold Tompkins, J.), entered July 15, 1998, which denied defendant's motion for summary judgment as untimely pursuant to CPLR 3212 (a) as being beyond the deadline set by the court in its preliminary conference order, unanimously reversed, on the law, without costs, defendant's motion granted and the complaint dismissed. The Clerk is directed to enter judgment in favor of defendant-appellant dismissing the complaint.

Although the IAS Court's February 26, 1998 Compliance Conference Order did not specifically extend the court's previously set April 11, 1998 deadline for making dispositive motions, by extending plaintiff's time to file its note of issue until April 17, 1998, the deadline for dispositive motions was implicitly extended inasmuch as CPLR 3212 (a) requires that the date set by the court, after which no such motion may be made, may not be any earlier than thirty days after the filing of the note of issue, in this case May 18, 1998, the thirtieth day having fallen on a Sunday. Defendant's motion was timely served by mail on May 13, 1998 and should have been determined on its merits.

As to those merits, it is settled that "assigned risk insurance applications and policies cannot be viewed as private, contractual relationships, but are special relationships subject to immediate oversight and supervision by the Superintendent of Insurance" (*Matter of Bowley Assocs. v State of N. Y. Ins. Dept.*, 98 AD2d 521, 526-527, *affd* 63 NY2d 982 *for reasons stated by Asch, J., at App Div*). The record reflects that, in 1994, a complaint was made on plaintiff's behalf to the State Insurance Department in which plaintiff sought a refund of premiums paid under its Commercial Public Auto Policy based upon the

allegation that the classification code for the policy was incorrect and that plaintiff should have been rated as a Social Service/Non-Emergency Ambulette, Class Code 6551. According to the limited departmental records available, it appears that the complaint was not upheld, the matter was closed on September 1, 1995, and two years later the complaint file was destroyed in accordance with standard departmental procedure. Plaintiff acknowledges that no appeal was taken to the Superintendent of Insurance as provided by Insurance Law § 5304 (a).

"When the Legislature provides for such primary jurisdiction, the judiciary will not act, where there has been no administrative appeal to the agency" (*Ingber v New Hampshire Ins. Co.*, 198 AD2d 266, 267 [citation omitted]), and such failure to pursue an administrative appeal bars plaintiff from maintaining this plenary action against defendant insurer (*see, Skylab Realty Corp. v New York Prop. Ins. Underwriting Assn.*, 96 AD2d 939).

Whether or not an administrative appeal is still available to plaintiff at this late date, plaintiff's remedy in the event of an unfavorable outcome would be judicial review pursuant to CPLR article 78. Concur—Sullivan, J. P., Williams, Rubin, Andrias and Friedman, JJ.