TRANSCARE NEW YORK, INC., Respondent, v FINKELSTEIN, LEVINE & GITTLESOHN & PARTNERS et al., Defendants, and EAGLE INSURANCE COMPANY et al., Appellants. [804 NYS2d 63]—

Order, Supreme Court, Bronx County (Barry Salman, J.), entered June 16, 2004, which denied the motion by defendant Eagle Insurance Company for summary judgment dismissing the complaint and all cross claims as against it, and order, same court and Justice, entered December 13, 2004, which, to the extent appealable, denied Eagle's motion for renewal and the motion and cross motion by defendants Isserlis & Sullivan, and Barnett and Reid, respectively, for summary judgment dismissing the legal malpractice claims against them, unanimously affirmed, without costs.

The evidence shows that counsel for the plaintiff in the underlying action proposed to settle her claims against the present plaintiff's predecessor in interest, Arips, Inc., well below the policy limit and that the offer was rejected by defendant insurer Eagle, leading to the commencement of the underlying litigation in which a verdict well in excess of the policy limit was rendered against Arips. In addition, it appears that Eagle's counsel did not investigate the merits of the underlying claim against Arips by, for instance, arranging for an independent medical examination of the plaintiff, either before or during trial, never presented at trial any proof as to her medical condition and/or history and the quality of her life prior to the ac-

cident and, indeed, failed to call its own medical expert. While "[g]enerally, liability in negligence is premised on a wrongdoer's own fault, not the fault of others" (*Mondello v New York Blood Ctr.—Greater N.Y. Blood Program*, 80 NY2d 219, 226 [1992]), and Eagle is not answerable in malpractice for professional errors on the part of independent attorneys retained by it, "the insurer does not satisfy its duty to defend merely by designating independent counsel to defend the litigation" (*Feliberty v Damon*, 72 NY2d 112, 117 [1988]). Significant questions of fact exist as to the adequacy of the efforts, if any, by Eagle to investigate and assess the strength of the liability claims against its insured, Arips. Despite Eagle's insistence that it made several good faith attempts to settle the action against Arips, plaintiff contends that the insurer not only unreasonably failed to settle the Reid action prior to trial within the limits of the coverage but also never informed it, or consulted with it, as to the status of the settlement negotiations. "In relation to the insured, the insurer acts in a capacity similar to a trustee and must make full disclosure of matters that should concern the insured" (*Smith v General Acc. Ins. Co.*, 91 NY2d 648, 653 [1998]), and failing to communicate with the insured respecting settlement offers and negotiations can constitute some evidence of bad faith (*id.*). This record presents triable issues as to whether Eagle made reasonable efforts to contact plaintiff while the settlement negotiations were in progress. Triable issues are also presented as to the sufficiency of Eagle's efforts to investigate the underlying claim and to resolve the matter within the limits of the coverage.

The motion court also properly denied the motions for summary judgment by the attorney defendants. The cross motion by defendants Barnett and Reid was untimely and movants failed to show good cause for the delay in seeking relief (*see Miceli v State Farm Mut. Auto. Ins. Co.*, 3 NY3d 725 [2004]; *Brill v City of New York*, 2 NY3d 648 [2004]). In any event, the record discloses the existence of triable questions of fact as to whether those defendants and defendant law firm committed malpractice in representing plaintiff's interests in the underlying litigation, and as to whether any such malpractice caused plaintiff to sustain actual damages (*see McCoy v Feinman*, 99 NY2d 295, 301-302 [2002]; *Russo v Feder, Kaszovitz, Isaacson, Weber, Skala & Bass*, 301 AD2d 63, 67 [2002]).

We have considered appellants' remaining arguments and find them unavailing. Concur—Mazzarelli, J.P., Andrias, Sullivan, Williams and Malone, JJ.