■ NELSON AZCONA et al., Appellants, v DAVID SALEM et al., Respondents. [852 NYS2d 767]—

In granting defendants' belated summary judgment motion (*see* CPLR 3212 [a]), Supreme Court did not address the issue of whether defendants demonstrated good cause (*see Miceli v State Farm Mut. Auto. Ins. Co.*, 3 NY3d 725 [2004]; *Brill v City of New York*, 2 NY3d 648 [2004]). In any event, as a matter of law, defendants failed to demonstrate good cause. Defendants claim that after the first note of issue was struck in 2004, they did not learn that another note of issue had been filed until early May 2006, shortly before the 120-day period for moving for summary judgment was about to expire, when counsel was informed about an imminent pretrial conference, and that the instant motion was prepared and served as soon as possible. Defendants' counsel's bald assertion that he did not receive a copy of the note of issue is insufficient to rebut the presumption that service was complete upon mailing of the document to defendants' counsel by plaintiffs' counsel on January 3, 2006, as evinced by an affidavit of service (*see Engel v Lichterman*, 62 NY2d 943, 944 [1984]; *Matter of Kahoud [Rundell]*, 128 AD2d 531 [1987]). The legislatively imposed deadline for filing summary judgment motions must be strictly followed, and courts may not excuse a late motion, no matter how meritorious, upon a perfunctory claim of law office failure (*see Crawford v Liz Claiborne, Inc.*, 45 AD3d 284, 285-286 [2007]). Concur—Lippman, P.J., Andrias, Williams and McGuire, JJ.