(March 9, 2010)

■ MOHAMMAD FOFANA, Respondent, v 41 WEST 34TH STREET, LLC, et al., Appellants, et al., Defendants. [897 NYS2d 46]—

Order, Supreme Court, Bronx County (Nelson S. Román, J.), entered September 16, 2008, which denied the motion of defendants-appellants 41 West 34th Street, LLC, GSL Enterprises, Inc., Winoker Realty Co., Inc., and Midboro Holdings Co., LLC, for summary judgment dismissing the complaint and all cross claims as against them, unanimously reversed, on the law, without costs, the motion granted, and the complaint and all cross claims against said defendants dismissed. The Clerk is directed to enter judgment in favor of defendants-appellants accordingly.

Plaintiff Mohammad Fofana instituted this action to seek damages for injuries sustained when he fell into the freight elevator shaft of 64 W. 35th Street in Manhattan on February 6, 2004. The land on which the building was situated was owned by defendant 41 West 34th Street, and leased to defendant Midboro. Midboro owned the building, which Winoker managed. Defendant Alliance Elevator Co. was responsible for maintaining the freight elevator. GSL had transferred the subject property to 41 West 34th Street in 2001. Fofana had been to the building regularly before the date of the accident, bringing customers in order to purchase bootleg CDs and DVDs from

"Mr. Ba," whose office was on the fourth floor. On the day of the accident, Fofana brought two customers to Mr. Ba's. After nobody answered the door, Fofana went to look for Mr. Ba while his customers stayed behind. Fofana then saw Mr. Ba, who said that he would tell his brother to let Fofana into the office. When Fofana returned to Mr. Ba's office, Robert Haynes, an individual who also sold CDs and DVDs, opened the door. Fofana's customers were already inside. Haynes, who allegedly was trying to take away Fofana's customers, apparently would not let Fofana into the office. When Fofana tried to enter, Haynes pushed him into the hallway, where a scuffle ensued. Eventually both Fofana and Haynes fell against the elevator door, which had been closed. The door opened, and both individuals then fell into the shaft.

On December 3, 2004, Fofana commenced an action against, inter alia, 41 West, GSL, and Winoker, and on February 28, 2006, he commenced a separate action against Midboro. Both actions were filed in Supreme Court, New York County.

Previously, on August 5, 2004, Haynes had commenced a personal injury action in Supreme Court, Bronx County, against several of the same defendants. Eventually, the *Haynes* action was consolidated in the Bronx with plaintiff's two New York County actions. Fofana was impleaded as a third-party defendant in the *Haynes* action.

By notice dated October 5, 2006, the defendants in the *Haynes* action moved for summary judgment on the grounds, inter alia, that the evidence established that the freight elevator complied with the elevator code in effect when built, and contained no defects at the time of the accident. They contended that the elevator door was caused to be opened by the force of being struck by plaintiff's and Haynes's weight, as the two fought.

On August 17, 2007, the trial court granted the motion, on the ground, inter alia, that there was no evidence that defendants had any notice that the fourth floor hoistway doors had been defective prior to the incident. In an order entered May 19, 2009, this Court upheld the dismissal of the complaint, finding that defendants had made a prima facie showing that the accident was not caused by any defect in the hoistway door (62 AD3d 519, 521 [2009]). In particular, the Court noted that an elevator inspector from the New York City Department of Buildings who had inspected the accident scene within 80 minutes after the accident, found that the sliding panel for the elevator door "was bent and protruded into the hoistway in a manner indicating that a substantial horizontal force had been exerted against the sliding panel" (*id.* at 520). The Court also observed

that the evidence indicated that there had not been any problems with the hoistway doors before the accident occurred (*id.*).

By notice dated August 31, 2007, two weeks after the trial court granted summary judgment in the *Haynes* action, the defendants in the *Fofana* action moved to amend their answers to assert the affirmative defenses of collateral estoppel and res judicata, and, upon the granting of said relief, for dismissal on those grounds pursuant to CPLR 3211 (a) (5).

By order entered January 15, 2008, the court granted leave to amend, but denied the motion to dismiss. In so doing, the court found that, as discovery in the *Fofana* action had not been completed at the time of the *Haynes* motion, Fofana was not in a position to meaningfully litigate the issues raised on the motion to dismiss.

Subsequently, on February 19, 2008, defendants, who did not appeal from the January 15 order, moved for leave to file a summary judgment motion and, upon the granting of leave, for summary judgment dismissing the complaint. In support of their motion, defendants noted that the *Haynes* note of issue had been filed on March 7, 2006, while the note of issue in this case was only filed on May 7, 2007. They also observed that the *Haynes* summary judgment motion had been served on all parties to the action, including Fofana, who was a third-party defendant in that action.

Defendants argued they had a reasonable belief that plaintiff, a party to the *Haynes* action, would be bound by the *Haynes* decision, which was dispositive of all the issues herein. Thus, they claimed, they made a motion to dismiss pursuant to CPLR 3211 (a) (5), rather than a motion for summary judgment pursuant to CPLR 3212. They aver that this reasonable belief constitutes "good cause" for the delay in moving for summary judgment. In opposition, Fofana argued that defendants failed to show why they could not have sought alternative relief when filing the motion to dismiss, and that the excuse was akin to inexcusable law office failure.

The trial court denied the motion as untimely, finding that the proffered excuse constituted law office failure, with the result that the requisite good cause to entertain the motion had not been shown. The court reasoned that defendants should have recognized that the motion to dismiss could be denied, and thus the motion for summary judgment should have been made with the prior motion. We reverse.

CPLR 3212 (a) provides that the "court may set a date after which no [dispositive] motion may be made," and, "[i]f no such

date is set by the court, such motion shall be made no later than one hundred twenty days after the filing of the note of issue, except with leave of court on good cause shown." In *Brill v City of New York* (2 NY3d 648 [2004]), the Court of Appeals made clear that the statutory deadline should be strictly enforced, in order to prevent the filing of "[e]leventh-hour summary judgment motions," a practice that "ignores statutory law, disrupts trial calendars, and undermines the goals of orderliness and efficiency in state court practice" (*id.* at 650-651). It concluded that the "good cause" called for by CPLR 3212 (a) requires a "satisfactory explanation for the untimeliness—rather than simply permitting meritorious, nonprejudicial filings, however tardy" (*id.* at 652; *see also Miceli v State Farm Mut. Auto. Ins. Co.*, 3 NY3d 725 [2004]). This Court has subsequently observed that "courts may not excuse a late motion, no matter how meritorious, upon a perfunctory claim of law office failure" (*Azcona v Salem*, 49 AD3d 343 [2008]).

In this case, however, it is undisputed that defendants made a timely motion to dismiss on the grounds of collateral estoppel. Moreover, in defending the "failure" to make a simultaneous motion for summary judgment, they noted that Fofana, as a third-party defendant in the *Haynes* action, had been served with the motion papers. Regardless of whether he chose to submit papers in opposition to the motion, he was put on notice that the defendants were taking the position that the elevator door was not defective prior to the accident, and that the accident occurred as a result of the force exerted by the weight of the two combatants as they fell against the door. He thus had the opportunity to litigate the issue, and yet declined. Furthermore, since the note of issue had not yet been filed in his own action, Fofana still had the opportunity to pursue further discovery with regard to this defense, in the event such a motion was made in his own case.

Thus, defendants' averment that they had good cause not to file a motion for summary judgment contemporaneously with the motion to dismiss is valid. The disposition of the *Haynes* summary judgment motion provided sufficient grounds either to invoke collateral estoppel or to dismiss the *Fofana* case. The conditions for the applicability of collateral estoppel are an identity of issue which has been necessarily decided in the prior action and is decisive of the present action, and a full and fair opportunity to contest the decision now said to be controlling (*Schwartz v Public Adm'r of County of Bronx*, 24 NY2d 65, 71 [1969]). The issue of whether the elevator was defective was at the heart of the *Haynes* case, and Fofana was a party to that ac-

tion. Even as a third-party defendant he had a vested interest in opposing any contention that the elevator door was not the cause of the accident. Like the codefendants in *Schwartz*, he was in every respect an antagonist to the defendants/third-party plaintiffs who impleaded him, and who asserted that the elevator door was not defective (*id.* at 72).

We therefore conclude that defendants were not guilty of law office failure in not also moving for summary judgment.

Fofana nonetheless argues that even if the motion for summary judgment is entertained on the merits, there are factors in his case which distinguish his claim from that which was asserted by Haynes. While the parties all agree that the direct cause of the accident was the force exerted upon the freight elevator doors, Fofana contends that a question of fact exists as to whether defendants violated industry standards in failing to upgrade the resistance forces of the hoistway doors at the time of a significant prior renovation. Fofana's expert, Harlan Fair, asserted that industry standards required that "maintenance, repairs, and replacements shall conform to . . . Code requirements at the time of any alteration," that ASME (American Society of Mechanical Engineers) A17.1-2000 required that new components be installed in conformity with the standard requiring that the doors withstand 560 pounds of resistance, and that "[a]ltered elements of existing elevators shall comply with ASME A17.1." Yet, nothing in the foregoing language required the owner to upgrade the force resistance of the doors when the doors themselves were not actually replaced, and when there is no evidence that the doors were previously demonstrated to be defective. We thus conclude that the sole proximate cause of the accident was the combatants' exertion of force against the elevator door, and direct that summary judgment should be granted. Concur—Gonzalez, P.J., Tom, Andrias, Nardelli and Richter, JJ.