■ Cosmos, Queens Ltd., Respondent, v Matthias Saechang Im Agency et al., Appellants. [904 NYS2d 386]—

Order, Supreme Court, New York County (Jane S. Solomon, J.), entered November 23, 2009, which upon reargument, adhered to its prior order, entered August 18, 2009, denying defendants' motion for summary judgment dismissing the complaint, unanimously reversed on the law, without costs, defendants' motion granted and the complaint dismissed. The Clerk is directed to enter judgment accordingly.

On July 7, 2007, plaintiff, a store selling jewelry, clothing and other merchandise, was robbed. Prior to May 2006, plaintiff was insured for losses of business and personal property up to $1,240,000. Sometime prior to May 2006, plaintiff's principal (Lee) asked the defendant Matthias Saechang Im (Im), an insurance broker, employed by defendant Matthias Saechang Im Agency, if he could obtain the same "apples to apples" insurance coverage plaintiff currently had from another company. Lee provided Im with documents evincing plaintiff's existing coverage and Im obtained a policy for plaintiff from LIG Insurance. Both Im and Lee were under the impression that the policy procured by Matthias covered losses arising from the theft of jewelry.

A year later the LIG policy automatically renewed for the period of May 2007 through May 2008, and after the renewal, Im informed Lee that plaintiff's policy did not include any coverage for losses arising from the theft of jewelry or that the coverage for such a loss was only a maximum of $2,500. Lee asked Im to obtain coverage from LIG for robbery-related jewelry losses in excess of $1 million but Im told Lee that at best, LIG would only provide $200,000 for robbery-related losses. Giving Lee two alternatives, Im suggested that plaintiff obtain jeweler's block insurance from another company, which would provide plaintiff with the requisite coverage for robbery-related jewelry losses,

and sent Lee an application form to procure the same. Alternatively, Im told Lee that he could procure robbery-related jewelry coverage from LIG in the amount of $200,000 and sent Lee a letter for that purpose that Lee was to execute and return. Lee, aware that he had little to no robbery-related coverage, received the letter for procurement of additional insurance from LIG one to two months prior to the robbery but failed to execute and return it until nearly 5:00 P.M. on the date of the robbery. Moreover, averring that he did not want to incur additional expense and that it would take months to procure jeweler's block insurance, Lee never returned the application, despite having received it a month prior to the robbery. LIG ultimately paid plaintiff $100,000 for the losses incurred in the robbery. Inasmuch as that amount did not fully cover plaintiff's losses, it then brought this action against the defendants for breach of contract and negligence.

Insurance agents and brokers have a common-law duty to obtain the coverage requested by a client within a reasonable time after the request is made or if unable to procure the requested coverage, to promptly notify the client (*Hoffend & Sons, Inc. v Rose & Kiernan, Inc.*, 7 NY3d 152, 157 [2006]; *Murphy v Kuhn*, 90 NY2d 266, 270 [1997]; *Bruckmann, Rosser, Sherrill & Co., L.P. v Marsh USA, Inc.*, 65 AD3d 865, 867 [2009]; *Verbert v Garcia*, 63 AD3d 1149, 1149 [2009]; *Baseball Off. of Commr. v Marsh & McLennan*, 295 AD2d 73, 79-80 [2002]). In executing the insurance brokerage transaction, an agent or broker must exercise due care; thus, when an insurance policy does not cover a loss for which the broker was contracted to obtain coverage, the party who engaged the broker is entitled to recover damages (*Bruckmann, Rosser, Sherrill & Co., L.P.* at 866).

Here, Im obtained substantially inferior coverage, never apprising Lee of his inability to obtain the coverage requested until a year later, and only after the policy renewed for another year. Thus, Im breached the duty owed to plaintiff. Contrary to defendants' assertion, the fact that a year later Im informed Lee that LIG would not provide the coverage does not negate defendants' negligence, since by that time Im's failure to obtain the coverage requested or to otherwise promptly notify had subjected plaintiff to improper coverage for the previous and coming year.

However, it is clear that defendants' negligence was not the proximate cause of plaintiff's damages and, accordingly, they are entitled to summary judgment. Evidence establishing that a defendant's negligence was the proximate cause of the harm alleged is essential to proving liability (*Sheehan v City of New*

*York*, 40 NY2d 496, 501 [1976]); without it a defendant can not be held liable (*Lee v New York City Hous. Auth.*, 25 AD3d 214, 220 [2005], *lv denied* 6 NY3d 708 [2006]; *Lynn v Lynn*, 216 AD2d 194, 195 [1995]). Additionally, it is well settled that when the intervening act of another "is extraordinary under the circumstances, not foreseeable in the normal course of events, or independent of or far removed from the defendant's conduct, it may well be a superseding act which breaks the causal nexus" (*Derdiarian v Felix Contr. Corp.*, 51 NY2d 308, 315 [1980]) between defendant's action and the harm or act alleged (*see Kush v City of Buffalo*, 59 NY2d 26, 33 [1983]; *Sheehan* at 503; *Lee* at 220).

The record evidence demonstrates that in an effort to rectify his failure, Im gave Lee two viable options, at least one of which would have completely covered plaintiff for the losses incurred. Lee, having in his possession the documents necessary to procure additional coverage and fully aware that, as it stood, he at best had minimal theft related insurance coverage, waited at least a month before taking any action. Thus, it was Lee's own inaction, which constituted a superseding act, which caused him to be inadequately insured on the date of plaintiff's loss. Defendants' negligence was thus not the proximate cause of plaintiff's damages and they are entitled to summary judgment (*see Thompson & Bailey, LLC v Whitmore Group, Ltd.*, 34 AD3d 1001, 1003 [2006], *lv denied* 8 NY3d 807 [2007] [cancellation of insurance policy was not due to any negligence on part of insurance broker but rather to plaintiff's own failure to act]; *Resource Fin. v National Cas. Co.*, 219 AD2d 627, 628 [1995] [plaintiffs' damages were not proximately caused by broker's failure to procure adequate insurance but rather by their independent decision to settle a claim which would have been covered by the policy]). Concur—Andrias, J.P., Catterson, Renwick, Richter and Román, JJ. **[Prior Case History: 2009 NY Slip Op 32750(U).]**