■ 148 MAGNOLIA, LLC, et al., Respondents, v MERRIMACK MUTUAL FIRE INSURANCE COMPANY et al., Defendants, and RAL SERVICES, INC., Appellant. [916 NYS2d 774]—

Order, Supreme Court, New York County (Jane S. Solomon, J.), entered March 9, 2010, which, inter alia, denied defendant RAL Services, Inc.'s motion for summary judgment dismissing the complaint as against it, unanimously affirmed, with costs.

In this action alleging negligence and breach of contract against an insurance broker for failure to obtain adequate and appropriate insurance coverage, issues of fact exist whether defendant broker breached its duty to plaintiffs (*see Kimmell v Schaefer*, 89 NY2d 257, 263 [1996]; *Cosmos, Queens Ltd. v Matthias Saechang Im Agency*, 74 AD3d 682, 683 [2010], *lv denied* 15 NY3d 711 [2010]). Plaintiffs' witnesses testified that defendant was aware of their intention to renovate the subject premises and that they relied on defendant's expertise as an insurance broker to obtain the appropriate policy. Defendant's witnesses admittedly were aware that the premises would be renovated. There is also record evidence that a builders' risk policy was the appropriate policy under the circumstances.

We reject defendant's argument that plaintiffs' failure to comply with a protective safeguards notice provision in their current policy was the proximate cause of their loss. Had defendant obtained the appropriate policy, plaintiffs' loss would have been covered even if the policy had no restrictive protective safeguards endorsement. Thus, we cannot conclude, as a matter of law, that defendant's failure to obtain the appropriate policy was not a proximate cause of plaintiffs' loss. Concur—Mazzarelli, J.P., Andrias, Catterson, Moskowitz and Román, JJ.

**[Prior Case History: 2010 NY Slip Op 30470(U).]**