■ BRUNO MASCHI, as Administrator of the Estate of ANTHONY MASCHI, Deceased, Appellant, v CITY OF NEW YORK, Respondent, and MALIK ARMSTEAD et al., Appellants. [973 NYS2d 51]—

Order, Supreme Court, New York County (Geoffrey D. Wright, J.), entered March 20, 2012, which granted defendant City of New York's motion for summary judgment, dismissing the complaint and cross claims against it, unanimously reversed, on the law, without costs, and the motion denied on the ground that it was untimely.

By order dated June 23, 2011, the motion court required that summary judgment motions be made, if at all, by October 12, 2011. It is undisputed that defendant's motion was dated October 28, 2011. Accordingly, it was untimely (*see* CPLR 3212 [a]; *see Brill v City of New York*, 2 NY3d 648, 653-654 [2004]). Defendant's excuse for filing a tardy motion—that counsel was on trial in another case—does not satisfy the "good cause" requirement (CPLR 3212 [a]) inasmuch as it is essentially an excuse of law office failure (*see Fofana v 41 W. 34th St., LLC*, 71 AD3d 445, 448 [1st Dept 2010]; *Azcona v Salem*, 49 AD3d 343 [1st Dept 2008]; *Breiding v Giladi*, 15 AD3d 435 [2d Dept 2005]). Also unavailing is defendant's contention that plaintiff's failure to furnish it with the estate's tax return excuses its tardiness since the outstanding discovery is neither relevant nor necessary to the motion for summary judgment (*see Filannino v Triborough Bridge & Tunnel Auth.*, 34 AD3d 280, 281 [1st Dept 2006]; *Tower Ins. Co. of N.Y. v Razy Assoc.*, 37 AD3d 702, 703 [2d Dept 2007]).

In light of the foregoing, we need not reach the remaining arguments. Concur—Gonzalez, P.J., Mazzarelli, Andrias and DeGrasse, JJ.