■ Structure Tone, Inc., Appellant, v Thomas Niland et al., Respondents. [977 NYS2d 228]—

Order, Supreme Court, New York County (Manuel J. Mendez, J.), entered October 24, 2012, which granted defendants Cook, Hall & Hyde, Inc. (CHH) and Thomas Niland's (Niland) motion to dismiss the complaint asserting claims for negligence and negligent and fraudulent misrepresentation under CPLR 3211 (a) (1) and (7), unanimously affirmed, without costs.

Plaintiff Structure Tone, a construction company, alleges that insurance broker defendants misrepresented the existence of a surety bond program for nonparty Kullman Buildings Corp. (KBC), and that relying on such misrepresentations, it entered into a subcontract with KBC, which ultimately abandoned the construction project before its completion, causing economic damages.

Initially, plaintiff's claim sounding in simple negligence is essentially the same as the claim asserting negligent misrepresentation. Plaintiff, however, does not have a claim for negligent misrepresentation, as it failed to allege facts showing a special relationship between itself and defendants such that reliance on the alleged misrepresentation was justified (*see Kimmell v Schaefer*, 89 NY2d 257, 263-264 [1996]). Defendants, as insurance brokers and not the parties that would be underwriting and issuing the bonds, do not hold unique or special expertise concerning KBC's bonding capacity. Further, the allegations demonstrate a business relationship only between CHH and KBC, and the communications between plaintiff and defendants, which were primarily for the purpose of requesting information concerning KBH's bonding program, are insufficient to give rise to a relationship of trust or confidence (*see id.*). Insofar as plaintiff relies on the misrepresentation in the December 3, 2009 letter concerning a bond program, the absence of evidence showing that defendants were aware that the letter, which was addressed and forwarded only to KBC, would be relied upon by plaintiff precludes a finding of a privity-like relationship (*see Mandarin Trading Ltd. v Wildenstein*, 16 NY3d 173, 180-181 [2011]; *Parrott v Coopers & Lybrand*, 95 NY2d 479, 484-485 [2000]; *Spitzer v Christie's Appraisals*, 235 AD2d 266 [1st Dept 1997]).

Plaintiff also has not demonstrated justifiable reliance on the alleged misrepresentations—whether made in the December 3, 2009 letter, the March 22, 2010 letter, or the oral communications in the interim—as both letters expressly stated that bond issuance was still contingent on an underwriting, despite existence of a bond program (*see General Elec. Capital Corp. v United States Trust Co. of N.Y.*, 238 AD2d 144 [1st Dept 1997]).

Justifiable reliance on these representations, as well as the alleged oral misrepresentations that a bond was forthcoming, is unfounded, given the evidence showing that plaintiff continued negotiating with KBC regarding the project as of July 2010, and ultimately signed a subcontract with KBC in December 2010, despite the allegation in the complaint that it was aware as early as April 2010 that KBC had no bonding capacity.

Plaintiff's claim for fraudulent misrepresentation fails, given the absence of a showing of justifiable reliance, and the absence of evidence raising an inference of fraudulent intent (*see Eurycleia Partners, LP v Seward & Kissel, LLP*, 12 NY3d 553, 559-560 [2009]). Concur—Friedman, J.P., Acosta, Renwick, Manzanet-Daniels and Gische, JJ.