OPINION OF THE COURT
Lucy Billings, J.
I, Procedural and Factual Background
Plaintiffs sue defendant Ventura Insurance Brokerage, Inc. for the unrecovered value of a lost diamond ring due to defendants’ (1) negligent procurement of insurance, (2) negligent misrepresentation, and (3) breach of a contract. The crux of plaintiffs’ claims is defendant’s failure to exercise reasonable diligence to procure an insurance policy for plaintiffs that effectively and fully covered the personal property insured. Since plaintiffs have stipulated to discontinue their action against Ventura Insurance Brokerage’s employee, insurance broker Alston, the remaining defendant corporation, Ventura Insurance Brokerage, moves to dismiss the action pursuant to CPLR 3211 (a).
*835 After plaintiffs were dissatisfied with their prior insurance policy that capped coverage of their lost jewelry at too low an amount, and when their prior policy expired in 2009, defendant procured insurance coverage under a Fireman’s Fund Insurance Company policy for the value of plaintiffs’ remaining jewelry, a gold watch and a diamond ring. Plaintiffs allege that Alston assured them the policy included “blanket coverage” of up to $150,000 for their jewelry. (Affirmation of Roberta E. Ashkin, exhibit A, ¶¶ 23-24, 28.) The parties agree that “blanket coverage” means coverage per occurrence. When plaintiffs lost the 6.48 carat diamond on their diamond ring, Fireman’s Fund provided plaintiffs coverage of $50,000, the limit for any item not scheduled under the policy, instead of the full replacement cost, as the diamond ring was not specifically scheduled under the policy.
Plaintiffs claim defendant failed to (1) procure the full coverage plaintiffs requested, (2) advise them that the Fireman’s Fund policy only provided up to $50,000 for any valuable item unless specifically scheduled in the policy, and (3) correct their misapprehension that defendant created regarding the policy’s coverage. They seek damages for the difference between the diamond’s market value and the coverage received under the policy procured.
II. The Motion’s Timeliness
Defendant’s notice of motion seeks dismissal of the complaint pursuant to CPLR 3211 (a) (2), (5), (7) and (8), but its attorney’s affirmation specifies and supports the relief sought as pursuant to CPLR 3211 (a) (1) and (7). Defendant makes no attempt to support dismissal on any of the grounds specified in section 3211 (a) (2), (5) or (8) and at this stage has waived relief pursuant to paragraph (8). (CPLR 3211 [e].) Defendant also has waived any defense “founded upon documentary evidence” under section 3211 (a) (1) by failing to raise it (1) by a motion to dismiss the complaint “before service of the responsive pleading is required” or (2) “in the responsive pleading.” (CPLR 3211 [e].) Therefore the court denies defendant’s motion insofar as it seeks dismissal pursuant to CPLR 3211 (a) (1), (2), (5) and (8).
The affirmation by defendant’s attorney also specifies the relief sought as summary judgment pursuant to CPLR 3212 (b), notwithstanding that the notice of motion does not request such relief. Defendant concedes, however, that a motion for summary judgment is untimely under the stipulated prelimi *836 nary conference order dated June 21, 2012, which set a deadline of 60 days after the filing of the note of issue for “dispositive motion(s)” to be served. (Affirmation of Brian H. Brick, exhibit H at 2.)
When the court sets the time within which a party may move for summary judgment under CPLR 3212 (a), the court may not excuse lateness without a showing of good cause. (Quinones v Joan & Sanford I. Weill Med. Coll. & Graduate Sch. of Med. Sciences of Cornell Univ., 114 AD3d 472, 473 [1st Dept 2014]; Kershaw v Hospital for Special Surgery, 114 AD3d 75, 83 [1st Dept 2013]; Ford v City of New York, 54 AD3d 263, 266-267 [1st Dept 2008].) Defendant failed to seek an extension of time to move for summary judgment either before or when seeking that relief (Freire-Crespo v 345 Park Ave. L.P., 122 AD3d 501, 502 [1st Dept 2014]; Kershaw v Hospital for Special Surgery, 114 AD3d at 82), and only in reply to plaintiffs’ opposition insists that the 60 days stipulated by the parties and approved by the court was a mistake. (Cabibel v XYZ Assoc., L.P, 36 AD3d 498, 498 [1st Dept 2007]; see Kershaw v Hospital for Special Surgery, 114 AD3d at 86.) While the mistaken belief of defendant’s attorney that no deadline shorter than the 120 days provided by CPLR 3212 (a) had been imposed may explain defendant’s failure to seek an extension, an attorney’s inadvertence does not amount to the good cause required to excuse the lateness. (Quinones v Joan & Sanford I. Weill Med. Coll. & Graduate Sch. of Med. Sciences of Cornell Univ., 114 AD3d at 473; Kershaw v Hospital for Special Surgery, 114 AD3d at 86; Fofana v 41 W. 34th St., LLC, 71 AD3d 445, 448 [1st Dept 2010]; Ford v City of New York, 54 AD3d at 267.) Therefore the court denies defendant’s motion insofar as it seeks summary judgment under CPLR 3212. (Friere-Crespo v 345 Park Ave. L.P., 122 AD3d at 502; Quinones v Joan & Sanford I. Weill Med. Coll. & Graduate Sch. of Med. Sciences of Cornell Univ., 114 AD3d at 474; Kershaw v Hospital for Special Surgery, 114 AD3d at 82; Cabibel v XYZ Assoc., L.P, 36 AD3d at 499.)
CPLR 3212 (a), however, permitting the court to “set a date after which no such motion may be made,” applies only to motions for summary judgment. No authority permits the court to abrogate CPLR 3211 (e)’s provision that a motion pursuant to CPLR 3211 (a) (7), failure to state a claim, “may be made at any . . . time.” (E.g. Stolarski v Family Servs. of Westchester, Inc., 110 AD3d 980, 982 [2d Dept 2013].) While the parties themselves stipulated to a deadline for “dispositive motion(s),” *837 (Brick affirmation, exhibit H at 2), plaintiffs maintain only that defendant’s motion pursuant to CPLR 3212 (b) is untimely under section 3212 (a) and not that its motion pursuant to CPLR 3211 (a) (7) is untimely under section 3211 (e). Nor do plaintiffs offer any support for simply assuming that “dispositive motion(s)” includes a motion pursuant to CPLR 3211 (a) (7). Absent any evidentiary or legal support for such an interpretation, CPLR 3211 (e)’s authorization that a motion based on CPLR 3211 (a) (7) “may be made at any . . . time” and CPLR 3212 (a)’s limitation to motions for summary judgment, “dispositive motion(s)” in this context must be interpreted as encompassing only motions for summary judgment. (Kershaw v Hospital for Special Surgery, 114 AD3d at 82; Fofana v 41 W. 34th St., LLC, 71 AD3d at 447; Anzalone v Pan-Am Equities, 271 AD2d 307, 308 [1st Dept 2000]; Coling Ambulette Serv. v Empire Ins. Co., 262 AD2d 187, 187 [1st Dept 1999]; see Crawford v Liz Claiborne, Inc., 11 NY3d 810, 812 [2008]; Quinones v Joan & Sanford I. Weill Med. Coll. & Graduate Sch. of Med. Sciences of Cornell Univ., 114 AD3d 472 [1st Dept 2014]; Alonzo v Safe Harbors of the Hudson Hous. Dev. Fund Co., Inc., 104 AD3d 446, 448-449 and n [1st Dept 2013]; Rahman v Domber, 45 AD3d 497, 497 [1st Dept 2007].)
In any event, CPLR 3212 (a)’s strict requirements for a showing of “good cause” applicable to a dispositive motion pursuant to section 3212 (b) are not applicable to an extension of any deadline set by a stipulation or an order for a motion pursuant to CPLR 3211 (a) (7). Absent another applicable standard, the standards under CPLR 2004 and 2005 apply. Under sections 2004 and 2005, an attorney’s mistake or inadvertence does amount to the “good cause” required to excuse lateness. (CPLR 2004; Metropolitan Prop. & Cas. Ins. Co. v Braun, 120 AD3d 1128, 1128 [1st Dept 2014]; N450JE LLC v Priority 1 Aviation, Inc., 102 AD3d 631, 633 [1st Dept 2013].) Therefore the mistake or inadvertence by defendant’s attorney in believing that a deadline of 120 days had been set for dispositive motions does amount to a reasonable, acceptable excuse for a delay of less than six weeks that has caused no discernible prejudice to plaintiffs. (Rosenblatt v New York City Tr. Auth., 122 AD3d 410, 411 [1st Dept 2014]; Metropolitan Prop. & Cas. Ins. Co. v Braun, 120 AD3d at 1128; Matter of Daval-Ogden, LLC v High-bridge House Ogden, LLC, 103 AD3d 422, 422 [1st Dept 2013]; N450JE LLC v Priority 1 Aviation, Inc., 102 AD3d at 633.) For these reasons, the court considers defendant’s motion under *838 CPLR 3211 (a) (7) on its merits, just as plaintiffs have treated it.
III. Dismissal Based on Plaintiffs’ Failure to State a Claim
Upon a motion to dismiss pursuant to CPLR 3211 (a) (7), the court accepts the complaint’s allegations as true and draws all inferences in plaintiffs’ favor. (Miglino v Bally Total Fitness of Greater N.Y., Inc., 20 NY3d 342, 351 [2013]; Art & Fashion Group Corp. v Cyclops Prod., Inc., 120 AD3d 436, 437 [1st Dept 2014]; Amsterdam Hospitality Group, LLC v Marshall-Alan Assoc., Inc., 120 AD3d 431, 433 [1st Dept 2014]; Cabrera v Collazo, 115 AD3d 147, 150 [1st Dept 2014].) Dismissal is warranted only if the complaint fails to allege facts that fit within any cognizable legal theory (Nonnon v City of New York, 9 NY3d 825, 827 [2007]; Goldman v Metropolitan Life Ins. Co., 5 NY3d 561, 570-571 [2005]; Mill Fin., LLC v Gillett, 122 AD3d 98, 103 [1st Dept 2014]; Cabrera v Collazo, 115 AD3d at 151), even if plaintiffs do not articulate the precise legal claim. (Miglino v Bally Total Fitness of Greater N. Y., Inc., 20 NY3d at 351; Leon v Martinez, 84 NY2d 83, 88 [1994]; Lee v Dow Jones & Co., Inc., 121 AD3d 548, 549 [1st Dept 2014]; Siegmund Strauss, Inc. v East 149th Realty Corp., 104 AD3d 401, 403 [1st Dept 2013].)
A. Plaintiffs State a Claim for Negligence.
As an insurance broker, defendant owed a duty to exercise due care to procure the coverage plaintiffs requested within a reasonable time or advise them of defendant’s inability to do so. (Voss v Netherlands Ins. Co., 22 NY3d 728, 734 [2014]; American Bldg. Supply Corp. v Petrocelli Group, Inc., 19 NY3d 730, 735 [2012]; Hoffend & Sons, Inc. v Rose & Kiernan, Inc., 7 NY3d 152, 157 [2006]; Cosmos, Queens Ltd. v Matthias Saechang Im Agency, 74 AD3d 682, 683 [1st Dept 2010].) Plaintiffs are entitled to recover damages when the insurance policy defendant procured does not cover a loss for which plaintiffs particularly requested coverage. (Voss v Netherlands Ins. Co., 22 NY3d at 734; American Bldg. Supply Corp. v Petrocelli Group, Inc., 19 NY3d at 735-736; Cosmos, Queens Ltd. v Matthias Saechang Im Agency, 74 AD3d at 683.)
By alleging that defendant failed to procure the coverage plaintiffs requested for the full value of their diamond ring, the complaint adequately states a claim for negligence. (CPLR 3211 [a] [7]; see American Bldg. Supply Corp. v Petrocelli Group, Inc., 19 NY3d at 735-736; Cosmos, Queens Ltd. v Mat *839 thias Saechang Im Agency, 74 AD3d at 683; Hersch v DeWitt Stern Group, Inc., 43 AD3d 644, 644-645 [1st Dept 2007].) The complaint’s allegations also indicate defendant’s awareness of the coverage plaintiffs sought by specifying that defendant knew of their prior inadequate coverage and their particular concern for coverage of the diamond ring. (Ashkin affirmation, exhibit A, ¶ 22.) Defendant then assured them the Fireman’s Fund “blanket coverage” policy would cover the market value of their jewelry up to the liability limit of $150,000, even if an item was not specifically scheduled under the policy. (Id. ¶¶ 23-24, 28; see id. ¶¶ 39, 41.) The complaint further alleges that defendant knew plaintiffs’ diamond ring was valued at more than the $50,000 limit per item, but negligently failed to advise plaintiffs to schedule the ring to cover its full market value under the Fireman’s Fund policy that defendant procured. (Id. ¶¶ 39-41.) Moreover, since defendant had obtained plaintiffs’ prior policy, which included an appraisal for the diamond ring specifically scheduled under that policy, defendant possessed documentation of the ring’s valuation required for defendant to schedule the ring under the Fireman’s Fund policy and procure full coverage for the ring’s market value. (Id. ¶¶ 16, 20, 28.) Finally, by alleging defendant’s failure to advise plaintiffs that, absent their scheduling their diamond ring, defendant had not procured coverage for the full value of the ring as plaintiffs requested, they meet the second prong of the negligence standard. (American Bldg. Supply Corp. v Petrocelli Group, Inc., 19 NY3d at 735; Cosmos, Queens Ltd. v Matthias Saechang Im Agency, 74 AD3d at 683; Hersch v DeWitt Stern Group, Inc., 43 AD3d at 645.)
Even absent plaintiffs’ specific request, the above allegations, plus the allegations set forth below, indicate their interaction with Alston regarding the coverage provided by the Fireman’s Fund policy and their reliance on defendant’s expertise. Such reliance may create a special relationship between plaintiffs and defendant, imposing on it an enhanced duty to advise plaintiffs adequately regarding coverage to meet their needs. (Voss v Netherlands Ins. Co., 22 NY3d at 735; Trans High Corp. v Pollack Assoc., LLC, 74 AD3d 489, 489 [1st Dept 2010].)
The complaint, supplemented by plaintiff Marc Kritzer’s affidavit, which the court may consider in opposition to defendant’s motion under CPLR 3211 (a) (7) (Nonnon v City of New York, 9 NY3d at 827; Cron v Hargro Fabrics, 91 NY2d 362, 366 *840 [1998]; Ray v Ray, 108 AD3d 449, 452 [1st Dept 2013]; Thomas v Thomas, 70 AD3d 588, 591 [1st Dept 2010]), recounts Kritzer’s discussion with Alston about switching to an insurance policy procured by defendant. (Ashkin affirmation, exhibit A, ¶¶ 22-25; aff of Marc Kritzer ¶¶ 9-11, 13, 15.) When defendant recommended coverage of $250,000 in the blanket policy for the value of plaintiffs’ jewelry, he requested that defendant reduce the coverage to $150,000 for their jewelry, specifically the diamond ring. (Ashkin affirmation, exhibit A, ¶¶ 27-28; Kritzer aff ¶¶ 16-17, 22.) Alston assured him that the jewelry items would be covered up to the coverage limit, without the coverage limitations in their prior policy. (Ashkin affirmation, exhibit A, ¶¶ 23-24; Kritzer aff ¶¶ 11, 13.) Based on this assurance, plaintiffs appointed defendant as their exclusive insurance broker. (Ashkin affirmation, exhibit A, ¶¶ 24-25; Kritzer aff ¶¶ 13-15.) This discussion suggests an interaction regarding coverage, in which Marc Kritzer relied on defendant’s expertise to ensure that the value of plaintiffs’ diamond ring was covered fully. (Voss v Netherlands Ins. Co., 22 NY3d at 735-736; see Trans High Corp. v Pollack Assoc., LLC, 74 AD3d at 489-490.)
Even if analyzed under CPLR 3212 (b), the verified complaint and Marc Kritzer’s affidavit raise factual issues precluding dismissal of plaintiffs’ first claim. Under this analysis, the court would consider Alston’s affidavit and deposition testimony that plaintiffs failed to provide the information Alston requested and needed to schedule items valued over $50,000. Defendant maintains that, since it gave plaintiffs this option, which would have covered their ring fully, any negligence by defendant did not cause plaintiffs’ damages. (Cosmos, Queens Ltd. v Matthias Saechang Im Agency, 74 AD3d at 683-684; see e.g. New York City Hous. Auth. v Merchants Mut. Ins. Co., 44 AD3d 540, 541-542 [1st Dept 2007].) Marc Kritzer’s deposition testimony, however, that Alston never asked specifically for the ring’s appraisal and in any event possessed the appraisal, so that defendant was in a position itself to schedule the ring, would counter this defense. (Ashkin affirmation, exhibit K at 318; Voss v Netherlands Ins. Co., 22 NY3d at 736-737; American Bldg. Supply Corp. v Petrocelli Group, Inc., 19 NY3d at 736-737; Hersch v DeWitt Stern Group, Inc., 43 AD3d at 644-645.)
B. Plaintiffs State a Claim for Negligent Misrepresentation.
A claim for negligent misrepresentation must allege (1) a special relationship imposing a duty on defendant to convey ac *841 curate information to plaintiffs, (2) that defendant conveyed inaccurate information to plaintiffs, and (3) that plaintiffs reasonably relied on that information. (Mandarin Trading Ltd. v Wildenstein, 16 NY3d 173, 180 [2011]; North Star Contr. Corp. v MTA Capital Constr. Co., 120 AD3d 1066, 1069 [1st Dept 2014]; MatlinPatterson ATA Holdings LLC v Federal Express Corp., 87 AD3d 836, 840 [1st Dept 2011].) The complaint alleges that defendant, as plaintiffs’ insurance broker, assured plaintiffs that the Fireman’s Fund policy provided blanket coverage of $150,000 for their valuable items without the need to schedule the items and failed to advise plaintiffs of the $50,000 limit on unscheduled items and the need to schedule plaintiffs’ ring. (Ashkin affirmation, exhibit A, ¶¶ 24, 40, 44.) In reliance on this misinformation, plaintiffs never scheduled the ring valued at well more than $50,000, even though they had done so under their prior policy. (Id. ¶¶ 47-48.) These allegations, as well as related allegations set forth above, supporting defendant’s awareness of plaintiffs’ insurance objective and their reliance on defendant’s expertise (see Mandarin Trading Ltd. v Wildenstein, 16 NY3d at 180-181; MatlinPatterson ATA Holdings LLC v Federal Express Corp., 87 AD3d at 841), state a claim for negligent misrepresentation. (North Star Contr. Corp. v MTA Capital Constr. Co., 120 AD3d at 1070; see Structure Tone, Inc. v Niland, 112 AD3d 505, 506 [1st Dept 2013].)
Again, even if the parties’ allegations are analyzed under CPLR 3212 (b), plaintiffs dispute Alston’s attestations, however substantiated and credible, that she repeatedly advised Marc Kritzer of plaintiffs’ need to schedule their ring to cover it above the limit on unscheduled items, and plaintiffs failed to heed her instructions and avoid their eventual loss. (See e.g. Dickson v City of New York, 43 AD3d 809, 809 [1st Dept 2007]; Transcare N.Y., Inc. v Finkelstein, Levine & Gittlesohn & Partners, 23 AD3d 250, 251 [1st Dept 2005].) The credibility of this evidence, versus Marc Kritzer’s contrary attestations that Alston never instructed plaintiffs to provide an appraisal for the ring, is a question for the factfinder at trial and not for the court, even upon a motion for summary judgment. (CPLR 3212 [b]; Nania v Metropolitan Tr. Auth., 124 AD3d 552, 552 [1st Dept 2015]; Clindinin v New York City Hous. Auth., 117 AD3d 628, 629 [1st Dept 2014]; Best v 1482 Montgomery Estates, LLC, 114 AD3d 555, 556 [1st Dept 2014]; Binetti v Infante, 38 AD3d 210, 210 [1st Dept 2007].)
*842 C. Plaintiffs Fail to State a Claim for Breach of Any Contract.
Plaintiffs may recover against their insurance broker for its breach of a contract if the policy defendant broker procured did not cover a loss that defendant contracted to provide, and the insurance carrier refused to cover the loss. (American Bldg. Supply Corp. v Petrocelli Group, Inc., 19 NY3d at 735; Bruckmann, Rosser, Sherrill & Co., L.P. v Marsh USA, Inc., 65 AD3d 865, 866 [1st Dept 2009].) The complaint alleges only that defendant agreed to procure plaintiffs an insurance policy that adequately and effectively covered plaintiffs’ property, through blanket coverage of up to $150,000 for valuable jewelry. (Ash-kin affirmation, exhibit A, ¶¶ 52-53.) Plaintiffs do not claim defendant failed to procure the agreed upon blanket coverage of up to $150,000 (see Bruckmann, Rosser, Sherrill & Co., L.P. v Marsh USA, Inc., 65 AD3d at 866), as defendant did procure just such coverage.
While plaintiffs claim that defendant failed to advise them of the $50,000 limit of coverage per unscheduled item, they nowhere allege that they requested and defendant contracted, but failed to procure, a policy without a $50,000 coverage limit per unscheduled item. (Mandarin Trading Ltd. v Wildenstein, 16 NY3d at 181-182; Bruckmann, Rosser, Sherrill & Co., L.P. v Marsh USA, Inc., 65 AD3d at 866.) Nor do plaintiffs allege that defendant agreed to procure a policy without a requirement to schedule items separately. Plaintiffs therefore fail to allege any contractual terms that defendant breached so as to sustain their claim for breach of a contract. (CPLR 3211 [a] [7].)
IV. Disposition
For all the reasons explained above, the court grants defendant’s motion only to the extent of dismissing the complaint’s third claim, based on its failure to state a claim for breach of a contract. (Id.) The court otherwise denies defendant’s motion, whether for dismissal of the complaint’s first and second claims under CPLR 3211 (a) (1), (2), (5) or (8) or for summary judgment dismissing those claims under CPLR 3212 (b).