Shedler & Cohen, LLP v AON/Albert G. Ruben Ins. Servs., Inc. (2021 NY Slip Op 05836)





Shedler & Cohen, LLP v AON/Albert G. Ruben Ins. Servs., Inc.


2021 NY Slip Op 05836


Decided on October 26, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 26, 2021

Before: Gische, J.P., Webber, Mazzarelli, Shulman, Pitt, JJ. 


Index No. 651404/18 Appeal No. 14495 Case No. 2020-03547 

[*1]Shedler & Cohen, LLP, et al., Plaintiffs-Respondents,
v
AON/Albert G. Ruben Insurance Services, Inc. Doing Business as AON Risk Solutions, Defendant-Appellant.


Foley & Lardner LLP, New York (Anne B. Sekel of counsel), for appellant.
Stewart Occhipinti, LLP, New York (Erik T. Sorensen of counsel), for respondent.



Order, Supreme Court, New York County (Melissa A. Crane, J.), entered on or about July 16, 2020, which, to the extent appealed from as limited by the briefs, denied defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, with costs.
Defendant, an insurance broker, did not establish that its failure to procure an insurance policy covering plaintiffs' business management services could not have been a proximate cause of plaintiffs' damages. Although the applicable insurance policy contains exclusions for commingling funds and the insurer invoked those exclusions in denying coverage, the exclusions do not provide the only basis for the insurer's denial of coverage, and defendant fails to demonstrate that plaintiffs' potential liability to their client is based entirely on commingling of funds (see Cosmos, Queens Ltd. v Matthias Saechang Im Agency, 74 AD3d 682, 683 [1st Dept 2010], lv denied 15 NY3d 711 [2010]). In addition to alleging that plaintiffs failed to protect her assets by commingling her funds with those of her then-husband, plaintiffs' client alleged, among other things, that they gave her improper business advice and unfairly favored her then-husband in allocating payment for certain property.
That the insurer invoked the commingling exclusions was, standing alone, insufficient to relieve defendant of liability without examining whether the exclusions actually apply to bar coverage, since the insurer, in whose shoes a broker stands when it negligently fails to procure insurance, bears the burden of proving that an exclusion to coverage applies (see Platek v Town of Hamburg, 24 NY3d 688, 694 [2015]; Soho Generation of New York, Inc. v Tri-City Ins. Brokers, Inc., 256 AD2d 229, 231 [1st Dept 1998]). Furthermore, it is unclear on this record that the commingling exclusions apply, since plaintiffs denied that they commingled their client's funds, and the underlying action settled without any admission of liability by plaintiffs or any judicial determination as to whether improper commingling had, in fact, occurred.
We decline plaintiffs' invitation to search the record and grant them summary judgment on the issue of whether the commingling exclusions apply as a matter of law.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 26, 2021