Foxx v Berrosa Auto Corp. (2024 NY Slip Op 02660)

Foxx v Berrosa Auto Corp.

2024 NY Slip Op 02660

Decided on May 14, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 14, 2024

Before: Singh, J.P., Moulton, Mendez, Rosado, Michael, JJ. 

Index No. 27481/18 Appeal No. 2298 Case No. 2023-03790 

[*1]Denise Foxx, Respondent,
v
Berrosa Auto Corp., et al., Appellants, Francis Burgos, Defendant.

Molod Spitz & DeSantis, P.C., New York (Claire Lieber of counsel), for appellants.
Harris Keenan & Goldfarb PLLC, New York (Daniel J. Neiger of counsel), for respondent.

Order, Supreme Court, Bronx County (Patsy Gouldborne, J.), entered on or about July 17, 2023, which denied defendants Berrosa Auto Corp. and Daniel S. Almonte's motions to strike plaintiff's note of issue and for summary judgment dismissing the complaint against them, unanimously affirmed, without costs.
The court correctly denied defendants' motion to strike the note of issue. Plaintiff properly filed the note of issue on September 24, 2020, during the period from September 24, 2020 to September 30, 2020 when no stay of litigation tasks or procedures was in effect. Even accepting the contention that defendants could wait until October 24, 2022 to move to strike when Supreme Court lifted the liquidation order's stay, their motion was still untimely, as it was filed 20 days late. Defendants failed to demonstrate good cause for the delay or unusual or unanticipated circumstances justifying post-note discovery (see 22 NYCRR 202.21[d]; Palmiero v 417 E. 9th St. Assoc., LLC, 167 AD3d 472, 472 [1st Dept 2018]; Prevost v One City Block LLC, 155 AD3d 531, 537 [1st Dept 2017]).
The court also correctly denied defendants' motion for summary judgment. The court's part rules established that summary judgment motions must be brought within 60 days after the filing of the note of issue (see CPLR 3212[a]). Defendants filed their motion on January 12, 2023, well over 60 days after the liquidation stay was lifted on October 24, 2022. Moreover, defendants' mistaken belief that the court would deem the note of issue a nullity was insufficient to satisfy the good cause requirement (see Brill v City of New York, 2 NY3d 648, 652 [2004]; Ford v City of New York, 54 AD3d 263, 266-267 [1st Dept 2008]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 14, 2024