■ MOUTZ F. SOUDANI, Respondent, v NEW YORK LIFE INSURANCE COMPANY, Appellant.—Order, Supreme Court, New York County, entered May 7, 1979, which granted plaintiff's motion for partial summary judgment on the first cause of action, and denied defendant's cross motion for summary judgment dismissing the complaint, and the judgment entered thereon July 10, 1979, in the sum of $500,000 with interest, modified, on the law and the facts and in the exercise of discretion, to vacate the judgment for the plaintiff and to deny plaintiff's motion for partial summary judgment, without costs and without prejudice to renewal after completion of pretrial discovery proceedings. Prior to the time she became his wife, an insurance policy in the sum of $500,000 was obtained on the life of the late wife of the plaintiff, together with whom he was in the restaurant business. Shortly thereafter, she was a victim of a homicidal beating by a person or persons yet unknown. The insurance company raises various grounds for denying recovery on the policy. However, we believe that there should be completion of all of the pretrial discovery proceedings before there is a final determination in this matter. Concur—Kupferman, J. P., Fein, Sandler, Bloom and Yesawich, JJ.

■ ALAN LIPPE, Appellant, v LARRY FINLEY, Respondent.—Judgment, Supreme Court, New York County, entered October 30, 1979, and a subsumed order entered October 25, 1979, which granted defendant's motion to confirm the Referee's report, dismissed the complaint and granted summary judgment in defendant's favor, unanimously reversed, on the law, without costs, and summary judgment is denied. In this action to recover on a 1969 promissory note plaintiff swears that in 1973 defendant made a partial payment on account of the note and in acknowledgment thereof, thus removing the bar of the six-year Statute of Limitations. Defendant categorically denies making any such payment or promise. Rather than impel Special Term to direct a reference the presence of this fact issue required it to deny defendant's motion forthwith. (*Southern Assoc. v United Brands Co.*, 67 AD2d 199; *Marshall, Bratter, Greene, Allison & Tucker v Mechner*, 53 AD2d 537.) Concur—Birns, J. P., Sandler, Ross, Markewich and Yesawich, JJ.