■ Angelo Guarino, Jr., et al., Appellants, v Mohawk Containers Co., Inc., Respondent and Third-Party Plaintiff. New York Air Brake Co., Inc., Third-Party Defendant-Respondent. — Order affirmed, without costs. All concur, except Callahan and Denman, JJ., who dissent and vote to reverse the order, in the following memorandum.

Callahan and Denman, JJ. (dissenting). We vote to reverse and deny the motion with leave to renew after completion of pretrial proceedings. Plaintiff sustained serious injury while assembling a heavy dynapower pump at the New York Air Brake plant. The injury occurred when a corrugated fiberboard post on which the pump rested collapsed, causing the pump to topple over crushing plaintiff's left hand. In his complaint against the manufacturer of the post, plaintiff asserts possible theories of recovery in negligence, strict products liability (failure to adequately warn) and breach of express and implied warranty. We view the supporting affidavits on this motion for summary judgment as raising potential triable issues of fact as to whether the product was being used in either an intended manner or in an unintended manner of which the manufacturer had knowledge. Pretrial discovery has not been completed. Plaintiff should be afforded an opportunity to establish the element of knowledge on defendant's part by further deposition of essential witnesses (see *Soudani v New York Life Ins. Co.*, 75 AD2d 558), before summary judgment is entertained (see *Nordlicht v Norton Simon, Inc.*, 70 AD2d 511). (Appeal from order of Supreme Court, Oneida County, Tenney, J. — summary

judgment.) Present — Simons, J. P., Hancock, Jr., Callahan, Denman and Boomer, JJ.