Order, Supreme Court, New York County (Debra A. James, J.), entered July 18, 2012, which, insofar as appealed from as limited by the briefs, granted plaintiffs’ motion for reargument and, upon reargument, denied defendants’ motions for summary judgment dismissing the complaint, granted plaintiffs’ motion to compel defendant Priority 1 Aviation, Inc. to accept *632 their responses to its requests to admit, and denied defendants’ applications for attorneys’ fees, unanimously affirmed, with costs.
Plaintiffs’ motion for reargument should have been denied as to their new contention that nonparty Gulfstream would have sent the list of the airworthiness discrepancies it discovered during its inspection of the subject aircraft to Priority because the contract between Priority and plaintiffs obligated Priority to pay for the inspection (see e.g. Foley v Roche, 68 AD2d 558, 567-568 [1st Dept 1979]). However, reargument was properly granted as to the court’s misapprehension of section 3.1 (b) of the contract (see CPLR 2221 [d] [2]; Foley, 68 AD2d at 567).
The motion court did not violate the law of the case doctrine by denying Priority’s summary judgment motion based on arguments related to the previously dismissed third cause of action, since the court altered its own ruling, not a ruling by another court of coordinate jurisdiction (see Kleinser v Astarita, 61 AD3d 597 [1st Dept 2009]). Furthermore, a court has the power to amend a pleading sua sponte (see Patrick M. Connors, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C3025:17). It appears that the court, sub silentio, amended the complaint to allow plaintiffs to assert a breach of contract claim against Priority for acts or omissions beyond its alleged failure to pay $750,000 into escrow, as long as their damages did not exceed the $750,000 deposit.
Contrary to defendants’ contention, plaintiffs’ undisputed failure to comply with section 3.1 (d) of the contract, which required them to send Gulfstream’s reports to Priority, does not excuse Priority’s performance, since we cannot say, as a matter of law, that plaintiffs’ breach was material (see Unigard Sec. Ins. Co. v North Riv. Ins. Co., 79 NY2d 576, 581 [1992]; 23 Richard A. Lord, Williston on Contracts § 63:3 at 438, 439-440 [4th ed 2002]).
While Priority’s acceptance of the aircraft was a condition precedent to closing and it never formally accepted the aircraft, the “deemed acceptance” provision of section 3.1 (c) does not apply because the cost to correct the discrepancies was less than $250,000. However, even if the deposit did not become nonrefundable pursuant to section 3.1 (c), there are other bases on which plaintiffs can recover. For example, section 11.4 (a) permits plaintiffs to terminate the agreement and retain the deposit upon Priority’s failure to accept delivery or remit the purchase price, “or upon any other material default by [Priority]” (emphasis added).
In light of the foregoing, defendants are not entitled to attorneys’ fees.
*633 Priority contends that it should not be compelled to accept plaintiffs’ late responses to its notice to admit because some of the responses are frivolous. However, plaintiffs moved pursuant to, inter alia, CPLR 2004, and, for purposes of that statute, law office failure—plaintiffs’ excuse here—constitutes “good cause shown” (see e.g. Tewari v Tsoutsouras, 75 NY2d 1,12-13 [1989]). Priority’s remedy for plaintiffs’ allegedly frivolous responses to its notice to admit lies in CPLR 3123 (c). Concur—Tom, J.P., Andrias, Acosta, Manzanet-Daniels and Román, JJ.