■ DILEK EDWARDS, Appellant-Respondent, v CHARLES V. NICOLAI, Respondent, and STEPHANIE ADAMS, Respondent-Appellant. [60 NYS3d 40]—

Order, Supreme Court, New York County (Shlomo S. Hagler, J.), entered May 13, 2016, which granted defendants' motion to dismiss the amended complaint to the extent of dismissing the causes of action for gender discrimination in violation of the New York State Human Rights Law (NYSHRL) and the New York City Human Rights Laws (NYCHRL), and denied the motion as to the cause of action for defamation, unanimously modified, on the law, to deny the motion as to the discrimination causes of action, and otherwise affirmed, without costs.

As this appeal arises from defendants' motion to dismiss, we are constrained to accept the facts alleged in the complaint as

true and to accord plaintiff every favorable inference (*see 511 W. 232nd Owners Corp. v Jennifer Realty Co.*, 98 NY2d 144, 151-152 [2002]).

Defendant Charles V. Nicolai is married to defendant Stephanie Adams. Nicolai and Adams are co-owners of Wall Street Chiropractic and Wellness (WSCW). Nicolai is the head chiropractor and oversees the medical operations, while Adams is the chief operating officer. In April of 2012, Nicolai hired plaintiff, Dilek Edwards, as a yoga and massage therapist, and thereafter was her direct supervisor.

The complaint alleges that the relationship between Nicolai and plaintiff was "purely professional" and that Nicolai "regularly praised Plaintiff's work performance throughout her period of employment." In June 2013, however, Nicolai allegedly "informed Plaintiff that his wife might become jealous of Plaintiff, because Plaintiff was 'too cute.'" Approximately four months later, on October 29, 2013, at 1:31 a.m., Adams sent Edwards a text message stating, "You are NOT welcome any longer at Wall Street Chiropractic, DO NOT ever step foot in there again, and stay the [expletive] away from my husband and family!!!!!!! And remember I warned you." A few hours later, at 8:53 a.m., plaintiff allegedly received an email from Nicolai stating, "'You are fired and no longer welcome in our office. If you call or try to come back, we will call the police.'" The complaint further alleges that, on October 30, 2013, Adams filed a complaint with the New York City Police Department (NYPD) alleging—falsely—that Adams had received "threatening" phone calls from plaintiff that so frightened her as to cause her to change the locks at her home and business.

As noted, plaintiff alleges that her relationship with Nicolai was strictly professional and that she "has no idea what sparked . . . Adams' [sic] . . . suspicions" to the contrary. Plaintiff further alleges that Adams's complaint to the NYPD was false and was made for the purpose of harming her.

Based on the foregoing factual allegations, the amended complaint asserts a cause of action for gender discrimination in violation of the NYSHRL, a cause of action for gender discrimination in violation of the NYCHRL, and a cause of action for defamation. In lieu of answering, defendants moved to dismiss under CPLR 3016 (a) and 3211 (a) (7). Supreme Court granted the motion to the extent of dismissing the two gender discrimination claims, but sustained the defamation claims. Both sides have appealed.

Supreme Court correctly determined that the complaint states a cause of action for defamation by alleging facts from

which malice can be inferred and that would overcome the qualified privilege attaching to statements to the police (*see Present v Avon Prods.*, 253 AD2d 183 [1st Dept 1999], *lv dismissed* 93 NY2d 1032 [1999]). The court erred, however, in dismissing the causes of action for gender discrimination under the NYSHRL and the NYCHRL. It is well established that adverse employment actions motivated by sexual attraction are gender-based and, therefore, constitute unlawful gender discrimination (*see e.g. Williams v New York City Hous. Auth.*, 61 AD3d 62, 75 [1st Dept 2009], *lv denied* 13 NY3d 702 [2009] [sexual harassment is "one species of sex- or gender-based discrimination"]; *see also Oncale v Sundowner Offshore Services, Inc.*, 523 US 75, 80 [1998]; *King v Board of Regents of Univ. of Wis. Sys.*, 898 F2d 533, 539 [7th Cir 1990]). Here, while plaintiff does not allege that she was ever subjected to sexual harassment at WSCW, she alleges facts from which it can be inferred that Nicolai was motivated to discharge her by his desire to appease his wife's unjustified jealousy, and that Adams was motivated to discharge plaintiff by that same jealousy. Thus, each defendant's motivation to terminate plaintiff's employment was sexual in nature.

Defendants' reliance on certain cases in the "spousal jealousy" context is misplaced. Because these cases involve admitted consensual sexual affairs between the employer and the employee, they are distinguishable (*see Rainer N. Mittl, Ophthalmologist, P.C. v New York State Div. of Human Rights*, 100 NY2d 326, 332 [2003]; *see also Mauro v Orville*, 259 AD2d 89, 92-93 [3d Dept 1999], *lv denied* 94 NY2d 759 [2000]; *Tenge v Phillips Modern Ag Co.*, 446 F3d 903, 910 [8th Cir 2006]). In such cases, it was the employee's behavior—not merely the employer's attraction to the employee or the perception of such an attraction by the employer's spouse—that prompted the termination. Here, assuming the truth of the allegations of the amended complaint, as we are required to do upon a motion to dismiss, plaintiff had always behaved appropriately in interacting with Nicolai, and was fired for no reason other than Adams's belief that Nicolai was sexually attracted to plaintiff. This states a cause of action for gender discrimination under the NYSHRL and the NYCHRL.*

---

\* While Supreme Court correctly observed that it is not necessarily unlawful for an employer to terminate an at-will employee at the urging of the employer's spouse, such a discharge is actionable if the spouse urged the discharge for unlawful, gender-related reasons. Taking plaintiff's allegations as true, what makes her discharge unlawful is not that Nicolai's wife urged him to do it, but the reason she urged him to do it and the reason he complied.

Plaintiff also argues, in the alternative, that she has stated a claim under the NYCHRL based on a theory of appearance-related gender discrimination. To the extent, if any, such a theory of liability may be viable in a case such as this, the allegations of the present complaint fail to state a cause of action under that theory. Concur—Friedman, J.P., Moskowitz, Gische and Kahn, JJ.