U.S. Bank Trust, N.A. v Ellis (2020 NY Slip Op 01569)





U.S. Bank Trust, N.A. v Ellis


2020 NY Slip Op 01569


Decided on March 10, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 10, 2020

Gische, J.P., Webber, Oing, Singh, JJ.


11073B 11073A 11073

[*1] U.S. Bank Trust, N.A., etc., Plaintiff-Respondent,
v
Desmond Ellis, Defendant-Appellant, Mortgage Electronic Registration Systems, Inc., etc., et al., Defendants.


Petroff Amshen LLP, Brooklyn (Christopher Villanti of counsel), for appellant.
Fein Such Kahn & Shephard, P.C., Westbury (Gregg P. Tabakin of counsel), for respondent.



Order and judgment of foreclosure and sale (one paper), Supreme Court, Bronx County (Doris M. Gonzalez, J.), entered July 17, 2019, in favor of plaintiff and against defendant Desmond Ellis, and order (same court and Justice), entered November 9, 2018, which, to the extent appealed from as limited by the briefs, granted plaintiff's motion for summary judgment, and denied Ellis's cross motion for summary judgment seeking to dismiss the complaint as untimely, unanimously modified, on the law, the judgment vacated, plaintiff's motion for summary judgment denied, and otherwise affirmed, without costs. Appeal from the November 9, 2018 order, unanimously dismissed, without costs, as subsumed in the appeal from the order and judgment.
In this foreclosure action, plaintiff moved and defendant Ellis cross-moved for summary judgment. Plaintiff established that it holds a note and mortgage executed by Ellis, secured by the subject property owned by Ellis. Plaintiff also established that Ellis has defaulted in payment. The heart of this appeal is whether this foreclosure action, commenced on January 18, 2017, is timely, given that there was a prior foreclosure action against defendant Ellis and others.
Plaintiff's predecessor in interest (HSBC) commenced that prior foreclosure action, in which it accelerated the mortgage, on February 11, 2010. HSBC voluntarily discontinued the action on June 28, 2013 by filing a notice of discontinuance (2013 discontinuance) with the Clerk of Supreme Court, Bronx County pursuant to CPLR 3217(a)(2). On January 6, 2016, plaintiff sent Ellis a notice purporting to de-accelerate and reinstate the loan and directing him to resume mortgage payments (2016 notice).
Ellis contends, among other things, that even if the 2013 discontinuance ended the 2010 action, it did not de-accelerate or reinstate the mortgage, making this action, commenced more than six years later, untimely (see Wells Fargo Bank, N.A. v Liburd, 176 AD3d 464 [1st Dept 2019]). With respect to the 2016 notice, Ellis contends that it should not be considered because Supreme Court improvidently exercised its discretion in allowing plaintiff to untimely supplement its opposition, after the motions were briefed and that, in any event, the 2016 notice is inadmissible hearsay. Ellis further contends that the 2016 notice was filed by plaintiff solely as a pretext to avoid the approaching six-year statute of limitations deadline.
We find that neither party is entitled to summary judgment, as a matter of law, because there are material issues of fact whether this action was timely commenced (Milone v US Bank N.A., 164 AD3d 145, 152-153 [2d Dept 2018], lv dismissed 34 NY3d 1009 [2019]; U.S. Bank N.A., v Charles, 173 AD3d 564, 565 [1st Dept 2019]).
By virtue of the commencement of the 2010 foreclosure action (HSBC Mtge. Servs., Inc. [*2]v Ellis, et al., Sup Ct, Bronx County 2010, index No. 380293/10), the mortgage was accelerated (see MTGLQ Invs. LP v Wozencraft, 172 AD3d 644, 645 [1st Dept 2019], lv dismissed 34 NY3d 1010 [2019]). The six-year limitations period applicable to a mortgage foreclosure action began to run no later than when HSBC commenced the 2010 action (MTGLQ, 172 AD3d at 645). If, however, plaintiff (or HSBC), revoked its election to accelerate the loan and the loan was de-accelerated and reinstated, then the statue of limitations may not apply to later due installment payments, claims for which would not be time barred (Milone, 164 AD3d at 154).
The 2013 discontinuance vacated the lis pendens and amended notice of pendency that were filed against the property before and after the 2010 action was commenced. In addition to vacating the lis pendens, the 2013 discontinuance states that it is being filed in compliance with New York's Real Property and Proceedings Law § 1304. The 2013 discontinuance did not contain any affirmative statement, let alone a clear and equivocal one, that the plaintiff was de-accelerating the mortgage, reinstating it or demanding payment on the note (Milone at 154). The commencement of the 2010 action accelerated the entire debt and the entire amount requiring that plaintiff bring its action to a conclusion within the applicable six-year statute of limitations (CPLR 213[4]). Since the 2013 discontinuance did not de-accelerate the payments due under the mortgage, plaintiff cannot rely on the discontinuance to establish that this 2017 foreclosure action is timely (Wells Fargo Bank, N.A. v Burke, 94 AD3d 980, 982-983 [2d Dept 2012]).
Plaintiff, however, also relies on the 2016 notice that its mortgage servicer, Caliber Home Loans, purportedly sent to Ellis advising him that the mortgage was de-accelerated and reinstated, and demanding payments under the loan (the 2016 notice). It states:
"Under the terms of your Loan, which includes the Note and the mortgage, your obligations were previously accelerated and brought to maturity. All sums secured by the Security instrument were declared immediately due and payable. Caliber is writing to advise you that as of the date of this letter, the maturity of the Loan is hereby de-accelerated, immediate payment of all sums owned is hereby withdrawn, and the Loan is re-instituted as an installment loan.
"PLEASE BE ADVISED THAT TO THE EXTENT ANY PREVIOUS ACCELERATION MAY BE APPLICABLE, WE HEREBY REVOKE ANY PRIOR AND CURRENTLY APPLICABLE ACCELERATION OF THE LOAN, WITHDRAWING ANY PRIOR DEMAND FOR IMMEDIATE PAYMENT OF ALL SUMS SECURED BY THE SECURITY INSTRUMENT AND RE-INSTITUTE THE LOAN AS AN INSTALLMENT LOAN (caps and bold in original).
"If you have any questions please contact the SPOC Department at [contact information provided]. . . ."
Plaintiff claims that Ellis did not make any mortgage payments after this notice. Consequently, plaintiff served Ellis with a 90-day pre-foreclosure notice dated August 8, 2016 and a notice of intent to foreclose dated October 4, 2016, and commenced this foreclosure action on January 18, 2017.
Ellis argues that the 2016 notice should not be relied upon as a basis to de-accelerate the mortgage for two reasons. First, he contends that Supreme Court improvidently granted plaintiff's separate motion pursuant to CPLR 2004 for leave to serve a late supplemental opposition to his cross motion. It was in the supplemental opposition that the 2016 notice was first provided to the court. His second argument is that the 2016 notice should not be considered because it is not proof in admissible form. Ellis argues that not only should plaintiff's motion for summary judgment have been denied, but that he is entitled to summary judgment dismissing the [*3]complaint.
We reject Ellis's argument that the court improvidently exercised its discretion in allowing plaintiff to supplement its opposition. It was within the court's discretion to grant plaintiff's motion pursuant to CPLR 2004 upon a showing of good cause and in the absence of any prejudice to Ellis (see e.g. N450JE LLC v Priority 1 Aviation Inc., 102 AD3d 631, 633 [1st Dept 2013]). Plaintiff's attorney provided a detailed affirmation explaining why he did not submit the 2016 notice sooner, attesting not only to law office failure, but also describing the jumbled record of the 2010 action (id.).
We agree, however, with defendant that the 2016 notice is not an authenticated business record and, therefore, it is not admissible as presented in the record, leading us to modify Supreme Court's order by denying plaintiff's motion for summary judgment. This hearsay document, however, is sufficient to defeat Ellis's summary judgment motion, because it is sufficiently corroborated by other evidence (see Zupan v Price Chopper Operating Co., Inc., 132 AD3d 1211, 1213 [3d Dept 2015]). Accordingly, the effect of the 2016 notice on the timeliness of this action should be determined at trial (see Lippe v Finley, 75 AD2d 558 [1st Dept 1980]).
We have considered the parties' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 10, 2020
DEPUTY CLERK