U.S. Bank, N.A. v Kim (2023 NY Slip Op 04705)

U.S. Bank, N.A. v Kim

2023 NY Slip Op 04705

Decided on September 21, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: September 21, 2023

Before: Oing, J.P., Friedman, Kennedy, Shulman, Pitt-Burke, JJ. 

Index No. 850238/18 Appeal No. 699-,700&M-2023-03985 Case No. 2023-01730, 2023-03525 

[*1]U.S. Bank, National Association, Successor Trustee to Bank of America, etc., Plaintiff-Respondent,
v
Sherry Kim et al., Defendants, Robert L. Gordons LLC, Defendant-Appellant. 

Villanti Law Group PLLC, Brooklyn (Christopher A. Villanti of counsel), for appellant.
Hinshaw & Culbertson LLP, New York (Kyle B. Stefanczyk of counsel), for respondent.

Amended order and judgment (one paper), Supreme Court, New York County (Francis A. Kahn, III, J.), entered May 11, 2023, which granted plaintiff 's cross-motion to confirm the Referee's report and for a judgment of foreclosure and sale, and denied the motion of defendant Robert L. Gordons LLC (Gordons) to set aside the Referee's report, unanimously affirmed, without costs. Appeal from order and judgment, same court and Justice, entered on or about March 13, 2023, unanimously dismissed, without costs, as vacated and replaced by the May 11, 2023 amended order and judgment.
Although the issues raised by Gordons in connection with prior interlocutory orders terminated with entry of the final judgment (Siegmund Strauss, Inc. v East 149th Realty Corp., 20 NY2d 37, 41-42 [2012]; Matter of Aho, 39 NY2d 241, 248 [1976]), these issues may be reviewed as nonfinal orders that affect the final judgment (CPLR 5501 [a] [1]; Siegmund Strauss, Inc., 20 NY2d at 41-43).
There was no requirement for the court to take live testimony prior to confirming the Referee's report. The only requirement is that the findings are supported by the record (see U.S. Bank N.A. v Sheth, 177 AD3d 1018, 1020 [2d Dept 2019]; Namer v 152-54-56 W. 15th St. Realty Corp., 108 AD2d 705 [1st Dept 1985]). No additional disclosure was required, as plaintiff's notice of computation and supporting documents detailed the payment history, when the default occurred and the amount due, and when escrow payments were made for taxes and insurance. Further, the testimony provided by plaintiff's affiants created a sufficient predicate for their admissibility (see People v Brown, 13 NY3d 332, 341 [2009]).
It was within Supreme Court's discretion to deny Gordons' motion to file supplemental opposition pursuant to CPLR 2004 (U.S. Bank Trust, N.A. v Ellis, 181 AD3d 451, 454 [1st Dept 2020]), and there is no indication in the record that the court abused that discretion. Contrary to Gordons' assertion, this was not a case involving motions that were not already fully submitted (see id.), caselaw decided after the submission of the motions, or a court directive to update financial statements due to a change in circumstances (cf. Strauss v Saadatmand, 101 AD3d 573 [1st Dept 2012]). Supreme Court also providently denied Gordons' motion to substitute and plaintiff's cross-motion to substitute, without prejudice to any new motions considering the decision on the motion for reargument (CPLR 1018); however, nothing in the record suggests that the parties ever moved to revisit this issue.
We have considered the remaining contentions and find them unavailing.
M-2023-03985 — US Bank N.A., et al. v Robert L. Gordons LLC, et al.
 Motion for stay, denied.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 21, 2023