KB DST Borrower, LLC v Knights Hill Ireland II DAC (2024 NY Slip Op 50785(U))

[*1]

KB DST Borrower, LLC v Knights Hill Ireland II DAC

2024 NY Slip Op 50785(U)

Decided on June 26, 2024

Supreme Court, New York County

Reed, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on June 26, 2024
Supreme Court, New York County

KB DST Borrower, LLC, KB DST Borrower CA, LLC, KB Exchange Properties 2, LLC, Jeffery Pori, Kingsbarn Realty Capital, LLC, and Kingsbarn Real Estate Capital 2, LLC, Plaintiffs,

against
Knights Hill Ireland II DAC and Crayhill Capital Management, L.P., Defendants.

Index No. 656279/2022

Robert R. Reed, J.

The following e-filed documents, listed by NYSCEF document number (Motion 006) 116, 117, 118, 119, 120, 121, 126, 130, 131 were read on this motion to REARGUE.
In motion sequence number 006, defendants move pursuant to CPLR 2221 (d) (2) for leave to reargue the court's April 11, 2024 determination of motion sequence number 002. For the reasons set forth herein, the motion is denied in its entirety.
Under CPLR 2221 (d) (2), parties may move for leave to reargue a motion "based upon matters of fact or law allegedly overlooked or misapprehended by the court in determining [a] prior motion." It is well-settled that the "determination to grant leave to reargue a motion lies within the sound discretion of the court" (Am. Alt. Ins. Corp. v Pelszynski, 85 AD3d 1157, 1158 [2d Dept 2011]). Reargument is appropriate where a court's decision misapprehends or overlooks pertinent facts (see, e.g., N450JE LLC v. Priority 1 Aviation, Inc., 102 AD3d 631, 632 [1st Dept 2013]).
First, defendants argue that, when ruling on plaintiffs' breach of contract claim, the court made an "erroneous finding that Kingsbarn alleged that Crayhill had approved Core Asset Investments, agreed to extend loans for them, and then refused to extend them" (defendants' brief at 8). The court made no such finding. The court merely quoted defendants' own papers, in which they admitted that, "if 'Knights Hill [had] approved a Core Asset Investment and agreed to make a corresponding DST Loan but then refused to make that loan, any lost profits suffered by Kingsbarn . . . could possibly qualify as general damages flowing directly form Knights Hill's breach" (NYSCEF doc. no. 100 at 7 [emphasis added]). The language is hypothetical. In other words, the court recognized that, under the pleadings, if these events transpired, then the alleged damages would be direct, not consequential, and thus not waived by Section 13.4 (d) of the Senior Secured Term Loan Agreement.
Moreover, the question of whether defendants approved the full amount requested is [*2]inconsequential to the court's determination. The critical factor was whether the proposed investments were for Core Assets as defined by the Loan Agreement. The court was merely observing that, under the pleadings, if defendants "fail[ed] to fully fund, without justification, Advance Amounts" with respect to a Core Asset investment—whether the failure occurred with or without a prior approval—such damages would be considered direct. According plaintiffs "every favorable inference," as the court must at the motion to dismiss stage (Edwards v Nicolai, 153 AD3d 440, 440 [1st Dept 2017]), the court inferred that the proposed investments were for Core Assets.
Defendants also argue that "Kingsbarn's December 18, 2023 letter is documentary evidence that became part of the motion to dismiss record" that "should have been considered by the Court, but was overlooked." However, "neither affidavits, deposition testimony, nor letters are considered documentary evidence within the intendment of CPLR 3211 (a) (1)" (Soroush v Citimortgage, Inc., 161 AD3d 1124, 1126 [2d Dept 2018]). Indeed, "letters from [an] attorney . . . do not constitute documentary evidence for the purposes of CPLR 3211 (a) (1)" (Fox Paine & Co., LLC v Houston Cas. Co., 153 AD3d 673, 678 [2d Dept 2017]). In any event, the letter was not submitted in time to enter the record, as it was submitted on December 18, 2023, where the motion was fully submitted on August 23, 2022 (see NYSCEF doc. no. 37).
Second, defendants argue that, in ruling on the claim for a breach of the implied covenant of good faith and fair dealing, the court made a "mistaken conclusion that the Loan Agreement itself placed limitations on the amount of Gross Receipts that Kingsbarn was required to deposit into the Collection and Reinvestment Accounts" (defendants' brief at 10). On the contrary, the court observed that "the Loan Agreement only requires it to submit gross receipts into those accounts" (NYSCEF doc. no. 100 at 8). The court recognized that there was no limit on the Gross Receipts required to be deposited. The court's ruling was on the basis that defendants had required plaintiffs to deposit other sums not constituting Gross Receipts.
Defendants fail to demonstrate that the court "overlooked or misapprehended" any pertinent matters of law (see Am. Alt. Ins. Corp. v Pelszynsk).
Accordingly, it is hereby
ORDERED that defendants' motion for leave to reargue is denied in its entirety.
DATE June 26, 2024
Robert R. Reed, J.S.C.