Lauren v Hotel Pa. (2024 NY Slip Op 05641)

Lauren v Hotel Pa.

2024 NY Slip Op 05641

Decided on November 14, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 14, 2024

Before: Webber, J.P., Singh, Gesmer, González, Scarpulla, JJ. 

Index No. 150626/13 Appeal No. 3024 Case No. 2023-05468 

[*1]Grace M. Lauren, etc., Plaintiff-Appellant,
v
Hotel Pennsylvania, et al., Defendants-Respondents, Vornado Realty Trust, et al., Defendants.

Michael H. Zhu PC, Rego Park (Michael H. Zhu of counsel), for appellant.
Wilson Elser Moskowitz Edelman & Dicker LLP, New York (Ellyn B. Wilder of counsel), for 401 Hotel REIT, LLC, 401 Hotel TRS, Inc, 401 Hotel Management Company, and 401 Commercial LP., respondents.

Order, Supreme Court, New York County (Margaret A. Chan, J.), entered on or about April 26, 2023, which granted the motion of defendants 401 Hotel REIT, LLC, 401 Hotel TRS, Inc., 401 Hotel Management Company, LLC, and 401 Commercial, LP to strike plaintiff's opposition to their summary judgment motion, unanimously reversed, on the law, the facts, and in the exercise of discretion, without costs, the motion denied and the matter remanded for a determination of the summary judgment motion on the merits.
Although plaintiff submitted late opposition papers the day before the return date of the motion (see CPLR 2214[b]), and two weeks after the due date set forth in the parties' court-ordered briefing schedule, we find that plaintiff effectively sought an extension of time pursuant to CPLR 2004 and showed good cause under the circumstances (see N450JE LLC v Priority 1 Aviation, Inc., 102 AD3d 631, 633 [1st Dept 2013]). The record shows that plaintiff's counsel did not receive the expert report, which was necessary to oppose defendants' motion, until the eve of the return date on the motion, at which time counsel immediately submitted the opposition papers. This minor delay did not cause defendants prejudice because an extension of time would have provided them the opportunity to reply (see Narvaez v Wadsworth, 165 AD3d 407, 408 [1st Dept 2018]; see generally Tewari v Tsoutsouras, 75 NY2d 1, 12 [1989]). Public policy favors resolving disputes on the merits (see Picinic v Seatrain Lines, 117 AD2d 504, 508 [1st Dept 1986]). We remand the matter for consideration of the summary judgment motion in view of plaintiff's opposition papers, after defendants are given an opportunity to submit reply papers. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 14, 2024