Molner v Molner (2025 NY Slip Op 05636)

Molner v Molner

2025 NY Slip Op 05636

Decided on October 14, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 14, 2025

Before: Webber, J.P., Kennedy, Mendez, Rodriguez, Higgitt, JJ. 

Index No. 301261/12|Appeal No. 4957|Case No. 2025-00799|

[*1]David Molner, Plaintiff-Appellant,
v
Naomi Molner, Defendant-Respondent.

David L. Molner, appellant pro se.
Robert S. Michaels, P.C., New York (Robert S. Michaels of counsel), for respondent.

Order, Supreme Court, New York County (Michael L. Katz, J.), entered on or about February 3, 2025, which, to the extent appealed from as limited by the briefs, denied plaintiff husband's motion for leave to renew his opposition to defendant wife's motion for an extension of time to serve her Notice for Discovery and Inspection, unanimously affirmed, without costs.
Upon missing a discovery deadline, counsel for the wife sought an extension of time to serve her discovery demands. In its July 2, 2024 order, Supreme Court granted the motion, crediting the attorney's representation that he was retained after the court set the discovery deadline and did not become aware of the deadline until it passed. The brief extension to serve discovery demands was based on, inter alia, "law office failure," a recognized basis under CPLR 2004 and 2005 (see N450JE LLC v Priority 1 Aviation, Inc., 102 AD3d 631, 633 [1st Dept 2013]; see also C Castle Group Corp. v Herzfeld & Rubin, P.C., 211 AD3d 1006, 1007 [2d Dept 2022]).
Supreme Court providently exercised its discretion in denying the husband's motion for leave to renew. The husband proffered emails as new evidence claiming to show that the attorney for the wife was indeed aware of the discovery deadline prior to its passing. The court considered the husband's argument, reviewed the emails, and providently adhered to its prior ruling granting the extension because it found that the emails failed to demonstrate that the attorney's prior representation was false (see Solis v 340 W. 12 Realty LLC, 226 AD3d 449, 450 [1st Dept 2024]; CPLR 2221 [e]).
We have considered the husband's remaining arguments and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 14, 2025