Quintanar v New York State Off. of the Attorney Gen.

2026 NY Slip Op 02944

May 12, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Sofia Quintanar, Appellant-Respondent,

v

New York State Office of the Attorney General, et al., Respondents, Ibrahim Khan, Defendant-Respondent-Appellant.

Decided and Entered: May 12, 2026

Index No. 160721/22|Appeal No. 6582|Case No. 2025-01351|

Before: Renwick, P.J., Friedman, Kapnick, Pitt-Burke, O'neill Levy, JJ.

Wigdor LLP, New York (Valdi Licul of counsel), for appellant-respondent.

Faegre Drinker Biddle & Reath LLP, New York (Tracey Salmon-Smith of counsel), for respondent-appellant.

Davis Polk & Wardwell LLP, New York (Dana Seshens of counsel), for New York State Office of the Attorney General and Letitia James, respondents.

Seyfarth Shaw LLP, New York (Ivan D. Smith of counsel), for James for NY, respondent.

[*1]

Order, Supreme Court, New York County (Richard G. Latin, J.), entered February 28, 2025, which, to the extent appealed from as limited by the briefs, granted the motions of defendants New York State Office of the Attorney General (OAG), Letitia James, and James for New York (JNY) to dismiss the amended complaint as against them, granted the motion of defendant Ibrahim Khan to dismiss the discrimination and retaliation claims under the New York State Human Rights Law (State HRL) and the discrimination, retaliation, and interference claims under the New York City Human Rights Law (City HRL) against him but denied Khan's motion as to the claim under 42 USC § 1983, unanimously modified, on the law, to deny JNY and Kahn's motions to dismiss the third cause of action alleging retaliation under the City HRL, and otherwise affirmed, without costs.

Plaintiff alleges that Khan, her former supervisor at OAG, sexually assaulted her when he forcibly kissed her at a political fundraising event on November 17, 2021. The complaint also alleges, in connection with that incident, Khan interfered to block an informal application that plaintiff submitted for an open position with JNY in September 2022. Plaintiff asserts claims for violation of 42 USC § 1983 against defendants James and Khan; discrimination and retaliation in violation of the State HRL against all defendants; discrimination, retaliation, and interference in violation of the City HRL against James, JNY, and Khan; and negligent hiring, supervision, and retention against James and JNY.

The court properly dismissed the 42 USC § 1983 claim against James. The complaint fails to allege that James violated plaintiff's constitutional rights through her own individual actions taken under the color of law (see Tangreti v Bachman, 983 F3d 609, 618 [2d Cir 2020]; Zherka v DiFiore, 412 Fed Appx 345, 347 [2d Cir 2011]). The complaint does not allege James's direct involvement in, or awareness of, Khan's assault on plaintiff in November 2021, or of plaintiff's application to work with JNY. The complaint does allege that once James was made formally aware of Khan's misconduct toward plaintiff, she launched an investigation. Accordingly, even under the notice pleading standard (see Vig v New York Hairspray Co., L.P., 67 AD3d 140, 145 [1st Dept 2009]), plaintiff failed to state a claim against James under 42 USC § 1983.

However, the complaint sufficiently states a claim under 42 USC § 1983 against Khan based on his attendance and conduct at the November 2021 fundraiser. The complaint arguably alleges that Khan arrived in a state-funded vehicle in his role as James's chief of staff, that he was present at the event to network for OAG, and that he discussed plaintiff's work at OAG with her immediately preceding his assault on her.

[*2]

The complaint does not state a claim against any defendant that would give rise to an inference of discrimination (see Harrington v City of New York, 157 AD3d 582, 584 [1st Dept 2018]). However, plaintiff alleges facts supporting a claim for retaliation under the City HRL against Khan sufficient to survive a motion to dismiss (see Forrest v Jewish Guild for the Blind, 3 NY3d 295, 312-313 [2004]). The City HRL, which is to be construed broadly, explicitly rejects a materiality requirement for pleading retaliation claims (see Administrative Code of City of NY § 8-107[7]; Williams v New York City Hous. Auth., 61 AD3d 62, 71 [1st Dept 2009], lv denied 13 NY3d 702 [2009]).

Khan's interference with plaintiff's September 2022 application to JNY is sufficiently pleaded to give rise to an inference of retaliation based on sex discrimination (see Executive Law § 296[1][a],[d],[h]; Administrative Code § 8-107[1]). Plaintiff maintains that her rejection of Khan's advances was a protected activity, and that Khan's sabotage of her prospective job with JNY was retaliation. Rejecting sexual advances can constitute an action opposing unlawful discrimination under the City HRL (see Qorrolli v Metropolitan Dental Assoc., 124 F4th 115, 124 [2d Cir 2024]). Further, adverse employment actions motivated by sexual attraction constitute unlawful gender discrimination in violation of the State and City HRL (see Edwards v Nicolai, 153 AD3d 440, 442 [1st Dept 2017]).

The complaint alleged facts from which it can be inferred that Khan was motivated to sabotage plaintiff's application based on impermissible sex discrimination: either his sexual attraction to plaintiff and/or her rejection of his sexual advances. Assuming the truth of the allegations of the amended complaint, as required upon a motion to dismiss, plaintiff was qualified for the JNY position and had been hired by James previously for an OAG position, and at the first opportunity after plaintiff rejected Khan's sexual advances, Khan blocked her application by providing a pretextual reason against her hiring by JNY.

The City HRL also provides that an "employer shall be liable" for the discriminatory retaliation of its employees or agents (see Administrative Code § 8-107[7], [13]). Taking into account that on a motion to dismiss the court must accept as true the facts alleged in the complaint, plaintiff sufficiently alleges that Khan was an employee or agent of JNY such that liability could reasonably be imputed to JNY for his retaliatory conduct (see Engelman v Rofe, 194 AD3d 26, 33 [1st Dept 2021]; see also Albunio v City of New York, 16 NY3d 472, 477-478 [2011]).

[*3]

As to the negligent hiring and supervision claims, the complaint does not sufficiently allege that James or JNY were on notice of Khan's propensity for harmful conduct (see Waterbury v New York City Ballet, Inc., 205 AD3d 154, 160 [1st Dept 2022]). The complaint contains mere conclusory allegations of James and JNY's knowledge; and, without notice, defendants cannot be negligent for failing to act.

We have considered plaintiff's remaining arguments and find them unavailing. THIS CONSTITUTES THE DECISION AND ORDER

OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: May 12, 2026